**Timothy HATTEN, Plaintiff–Appellant,**

v.

**Joe WHITE, Employee, USP Leavenworth; Justin C. Harsha, Employee, USP Leavenworth; A. Fekekte, Employee, USP Leavenworth, Defendants–Appellees.**

No. 01–3093.

United States Court of Appeals,
Tenth Circuit.

Jan. 3, 2002.

Submitted on the briefs.*

Timothy Hatten, appellant, appearing pro se.

Before HENRY, BRISCOE and MURPHY, Circuit Judges.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## ORDER

BRISCOE, Circuit Judge.

Appellee's motion to publish the order and judgment filed on November 29, 2001, is granted. The published opinion is attached to this order.

Plaintiff Timothy Hatten, a prisoner in the custody of the Bureau of Prisons, appeals the district court's ruling on his Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), actions against various prison employees. Hatten sought declaratory judgment and damages for the alleged mishandling of his property. The district court granted defendants' motion for summary judgment in part and dismissed Hatten's complaint in its entirety. We affirm.

In 1995, Hatten was transferred on a federal writ from the United States Penitentiary in Leavenworth, Kansas, to the Federal Detention Center in Miami, Florida. While at the detention center, he requested that his legal property be forwarded to him. However, his counselor completed the request as one for "personal property." Because the Federal Detention Center does not accept the forwarding of personal property, it was returned to Leavenworth.

Hatten returned to the penitentiary at Leavenworth in March of 1996. However, in the interim, the Federal Bureau of Prisons had issued a new policy, No. 5580.04, which reduced the amount of personal property inmates could retain. Hatten was notified that, pursuant to the policy, he could not pick up the bulk of his personal property and that it would be mailed

outside the prison. Hatten was involved in several disagreements with prison officers regarding his property, leading to the issuance of an incident report and Hatten receiving fifteen days of disciplinary segregation. While in the Special Housing Unit as the result of this charge, Hatten was involved in a second incident when he refused to consent to a strip search, which led to another fifteen-day disciplinary segregation sentence. Ultimately, all of Hatten's personal property was mailed to the address Hatten had provided for his mother.

On appeal, Hatten alleges that the district court erred in not reaching the ultimate issue of his claims—that prison officials prematurely applied Policy No. 5580.04 because it was not in effect when he returned to prison and requested his property. The district court did not reach this issue because it dismissed part of Hatten's claims based on jurisdiction and granted summary judgment on the remaining claims.

■ We agree with the district court's determination that it lacked subject matter jurisdiction over Hatten's FTCA claims against defendants. Hatten's complaint alleged that defendants were acting within the scope of their employment. The United States Attorney similarly certified that defendants were acting within the scope of their employment during the incidents at issue. As a result, pursuant to 28 U.S.C. § 2679, the United States is substituted as the sole defendant for purposes of the claim.

■ 28 U.S.C. § 2680(c) provides that the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising in respect of ... the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." We hold that the district court did not err in finding that

§ 2680(c) applies where a prisoner alleges that defendant prison officials detained his personal property and mailed it outside the prison. *See Crawford v. U.S. Department of Justice,* 123 F.Supp.2d 1012, 1013 (S.D.Miss.2000). Therefore, absent a waiver of sovereign immunity, the district court did not err in dismissing Hatten's FTCA claims for lack of jurisdiction. *See Bell v. United States,* 127 F.3d 1226, 1229 (10th Cir.1997).

■ Similarly, Hatten's *Bivens* actions against defendants in their official capacities were properly dismissed. A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities. *Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 483–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

■■ The district court also properly granted summary judgment on Hatten's deprivation of property *Bivens* claim against defendants in their individual capacities. While an inmate's ownership of property is a protected property interest that may not be infringed without due process, there is a difference between the right to own property and the right to possess property while in prison. *Stansbury v. Hannigan,* 265 Kan. 404, 960 P.2d 227, 237 (1998). *See Watson v. Univ. of Utah Med. Ctr.,* 75 F.3d 569, 577 (10th Cir.1996) (holding that protectable property interests are determined by reference to state law). Hatten was allowed to send the property he could not possess in prison to a place of his choosing, and therefore was not deprived of the property. *See Williams v. Meese,* 926 F.2d 994, 998 (10th Cir.1991).

Finally, we conclude that the district court did not err in awarding summary judgment on Hatten's due process claims regarding his administrative detention. Hatten failed to present evidence to estab-

lish that he was denied his due process rights at any stage of the proceedings leading to administrative detention.

The decision of the district court is AFFIRMED. Hatten is reminded that he remains obligated to make partial payments until the entire appellate filing fee is paid pursuant to 28 U.S.C. § 1915(b). The mandate shall issue forthwith.