**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 27 2002**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

SAMUEL H. MYLES,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 02-3157
D.C. No. 00-CV-3298-JTM
(D. Kansas)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Samuel Haywood Myles, a pro se federal prisoner, brought this action

under the Federal Tort Claims Act (FTCA), seeking damages for the alleged

mishandling of his property by prison officials. The government moved to

dismiss under Fed. R. Civ. P. 12(b)(1) or alternatively for summary judgment,

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

contending that the court lacked jurisdiction over Mr. Myles's claim because it is barred by an exception to the FTCA. The court agreed and granted the government's motion. Mr. Myles appeals and we affirm.

We first address our standard of review. When, as here, a Rule 12(b)(1) motion goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends, a district court may allow affidavits and other evidentiary material outside the pleadings and does not presume that the factual allegations in the complaint are true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). The consideration of such evidence does not convert the motion into one for summary judgment unless the resolution of the merits of the case is intertwined with the jurisdictional issue. *Id.* at 1003. We have held that the merits and the jurisdictional issue are intertwined "if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.* We need not determine whether that circumstance is present here, however, because in this case the pertinent jurisdictional facts are undisputed. We review the district court's legal conclusions *de novo* under either Rule 12(b)(1) or Rule 56.

Mr. Myles was incarcerated at the United States Penitentiary, Leavenworth, Kansas, from 1995 to 2000. During that time, in response to violence at the prison, the institution was placed in "lockdown" status and massive shakedowns

of inmate cells were conducted. Inmate property in excess of that allowed in the cells under prison regulations was confiscated and mailed at government expense to an address designated by the inmate. It is undisputed that two contraband items in Mr. Myles' cell, a ceramic mug and plate, were confiscated, sent to, and received by a person designated by Mr. Myles. He alleged, however, that 151 books were taken by prison officials and lost in shipping.[1] After filing an administrative claim for his books, Mr. Myles brought the instant action.

The FTCA constitutes a waiver of the sovereign immunity of the United States and therefore must be strictly construed to prevent expanding the waiver beyond the limits intended by Congress. *See Pipkin v. United States Postal Serv.*, 951 F.2d 272, 275 (10th Cir. 1991). The waiver is jurisdictional, and the court therefore lacks subject matter jurisdiction over an action that falls within one of the exceptions provided by the Act. *See Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991). The FTCA provides that its waiver of sovereign immunity

---

[1] The government presented evidence that three cartons were shipped to and received by another person designated by Mr. Myles. The total weight of these boxes was over 131 pounds, leading the government to the reasonable inference that these boxes contained Mr. Myles' books. In his brief on appeal, Mr. Myles appears to acknowledge that his brother, Mr. Riley, did in fact receive several boxes of books shipped from Leavenworth some six months after the mug and plate arrived at their destination. It is unclear whether all of Mr. Myles' confiscated property is now accounted for. We need not address this factual matter, however, in view of our conclusion that the district court lacked subject matter jurisdiction.

does not apply, inter alia, to "[a]ny claim arising in respect of . . . the detention of any goods or merchandise by any . . . law enforcement officer." 28 U.S.C. § 2680(c).[2]

We have held that "§ 2680(c) applies where a prisoner alleges that defendant prison officials detained his personal property and mailed it outside the prison." *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002). As did the prisoner in *Hatten*, Mr. Myles seeks to assert a claim under the FTCA arising from goods detained by prison officials. *Hatten* therefore applies and Mr. Myles' FTCA claim is barred under section 2680(c). Accordingly, the district court correctly determined that it was without subject matter jurisdiction.[3]

---

[2] Section 2680(c) was amended on April 25, 2000, to provide that it applies to the detention of "any goods, merchandise, *or other property*." 28 U.S.C. § 2680(c) (emphasis added). Because Mr. Myles' books clearly fall within the ambit of "goods" or "merchandise," we need not address any retroactivity issue arising from the amendment.

[3] On appeal, Mr. Myles attempts to rely on *Crawford-El v. Britton*, 523 U.S. 574 (1998). In that case, a prisoner in the District of Columbia correctional system brought an action under 42 U.S.C. § 1983 based on allegations that prison officials misdirected boxes containing his property to punish him for exercising his First Amendment rights. Section 1983 is directed to action taken under color of *state* law. Because Mr. Myles is challenging conduct by federal officials taken under color of federal law, section 1983 is inapplicable. While Mr. Myles' pro se complaint, construed broadly, may have sufficiently alleged conduct by federal actors to state a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), he has named only the United States as a defendant. A *Bivens* action may not be brought against the United States as such. *See Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). We also note that throughout this litigation Mr. Myles has expressly proceeded only under the FTCA.

The judgment of the district court is **AFFIRMED**.[4]

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[4] The district court granted Mr. Myles leave to proceed in forma pauperis on appeal. Mr. Myles is reminded that he must continue payments until the appellate filing fee is paid in full.