**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 11 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ERNEST JACK HILL, III,

      Plaintiff-Appellant,

v.

MICHAEL V. PUGH, Warden;
G. L. HERSHBERGER, Regional
Director, B.O.P.; KATHLEEN
HAWK-SAWYER,  Director, B.O.P.,

      Defendants-Appellees.

No. 02-1561
(D.C. No. 00-RB-2511)
(D. Colo.)

---

ORDER AND JUDGMENT   *

---

Before **HARTZ** , **BALDOCK** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ernest Jack Hill, a prisoner in the general population of the United States Penitentiary, Administrative Maximum, Florence, Colorado (ADX) appeals the district court's dismissal of his civil rights action. We affirm.

In his amended complaint, Mr. Hill alleged jurisdiction under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331, and asserted that defendants have subjected him to unnecessary solitary confinement and sensory deprivation in disregard of his history of mental illness.[1] Mr. Hill claimed that: (1) his conditions of confinement and the facility's lack of adequate psychiatric care violated his Eighth Amendment right to be free from cruel and unusual punishment; (2) the same circumstances violated his due-process and equal-protection rights under the Fifth Amendment; and (3) defendants failed to comply with Federal Bureau of Prisons' regulations, in contravention of the Administrative Procedures Act (APA).[2] He sought money

---

[1] We refer to Mr. Hill's complaint, R., Vol. 1, Doc. 22; his addendum to complaint, *id.*, Doc. 23; and his clarification and supplement, *id.,* Vol. 2, Doc. 55, as the "amended complaint."

[2] The amended complaint also advanced a claim of retaliation for seeking redress in the courts and claims under 42 U.S.C. § 1983, the International Covenant on Civil and Political Rights, and the United Nations Convention Against Torture. On appeal, Mr. Hill does not raise any meaningful arguments concerning these claims and, as a consequence, we do not address them.

damages and injunctive relief. On appeal, Mr. Hill challenges the district court's multiple reasons for granting defendants' motion to dismiss. [3]

We first address Mr. Hill's procedural attacks on the district court's denial of his motion to amend and the basis for its rulings under Fed. R. Civ. P. 12(b)(6). The resolution of these issues affects the scope of our review of his remaining claims.

With his motion to amend, Mr. Hill sought to substitute a claim under the Federal Tort Claims Act (FTCA) for his APA claim, to supply further allegations concerning defendants' personal participation in Mr. Hill's mental-health care, and to name additional defendants. We review the district court's decision to deny leave to amend a complaint for abuse of discretion. *Ben Ezra, Weinstein, & Co. v. America Online Inc* ., 206 F.3d 980, 987 (10th Cir. 2000).

Concerning the addition of an FTCA claim, we note that Mr. Hill filed his amended complaint before he had satisfied the FTCA requirement of exhaustion of administrative remedies. *See* 28 U.S.C. § 2675(a). In FTCA actions,

> as a general rule, a premature complaint cannot be cured through amendment, but instead, plaintiff must file a new suit. Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion

---

[3] In a lengthy and thoughtful ruling, the magistrate judge recommended granting defendants' motion to dismiss. The district court conducted a de novo review, then adopted the magistrate judge's recommendation.

requirement meaningless and impose an unnecessary burden on the judicial system.

*Duplan v. Harper,* 188 F.3d 1195, 1199 (10th Cir. 1999) (quotation and citation omitted). The district court did not abuse its discretion in denying Mr. Hill's motion to add an FTCA claim.

Further, the district court denied the motion to amend on grounds of untimeliness and undue delay. "Where [a] party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998) (alteration in original, quotation omitted). The denial of Mr. Hill's motion to amend was well within the district court's discretion, particularly in light of its liberality in accepting Mr. Hill's addendum to complaint and his clarification and supplement of the complaint.

Thus, the claims, allegations, and defendants included only in Mr. Hill's motion to amend have no part in this court's review. As a consequence, and as Mr. Hill essentially concedes, he has no valid FTCA claim for defendants' alleged disregard of prison regulations or Eighth Amendment claim relating to allegedly inadequate mental-health care.

The second procedural matter is Mr. Hill's contention that the district court considered evidentiary matters outside the amended complaint and, therefore, it

should have converted defendants' dismissal motion into a summary judgment motion. *See* Fed. R. Civ. P. 12(b). This argument is based entirely on a footnote in the court's discussion of defendants' Rule 12(b)(6) motion referring to information presented during a hearing on Mr. Hill's motion for a temporary restraining order. *See* R., Vol. 5, Doc. 201, at 25, n.6.

"A motion to dismiss for failure to state a claim upon which relief can be granted must be converted into a motion for summary judgment whenever the district court considers matters outside the pleadings." *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998). "Reversible error may occur . . . if the district court considers matters outside the pleadings but fails to convert the motion to dismiss into a motion for summary judgment." *Id.* Nevertheless, a district court's consideration of matters outside the pleadings may be harmless if the dismissal can be justified under Rule 12(b)(6) without reference to matters outside of the pleadings. *Id.* In evaluating the district court's Rule 12(b)(6) rulings, therefore, this court is confined to the allegations in Mr. Hill's amended complaint.

Having resolved Mr. Hill's preliminary issues, we next consider the sufficiency of his complaint, reviewing de novo the district court's dismissals under Rule 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(6) for failure to state a claim for which

relief may be granted. *Soma Med. Int'l v. Standard Chartered Bank,* 196 F.3d 1292, 1295 (10th Cir. 1999) (concerning dismissals under Rule 12(b)(2)); *Ordinance 59 Ass'n v. United States Dep't of Interior Sec'y,* 163 F.3d 1150, 1152 (10th Cir. 1998) (concerning dismissals under Rule 12(b)(1) and 12(b)(6)). Because Mr. Hill is proceeding pro se, we construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

"'Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them.'" *Gadlin v. Sybron Int'l Corp*., 222 F.3d 797, 799 (10th Cir. 2000) (quoting *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 577 (1999)). "'[T]here is no unyielding jurisdictional hierarchy' requiring federal courts to sequence one jurisdictional issue before the other." *Id.* (quoting *Ruhrgas AG*, 526 U.S. at 578).

In this case, the district court first examined whether it had personal jurisdiction over nonresident defendants G. L. Hershberger, the Regional Director for the North Central Region of the Bureau of Prisons in Kansas City, Kansas, and Katherine Hawk-Sawyer, the Director of the Federal Bureau of Prisons, whose office is in Washington, D.C. Jurisdictional requirements are satisfied if, "after reviewing the defendant[s'] interactions and connections with the forum state, the court can conclude" that defendants "purposefully availed [themselves]

of the protection and benefits of the laws" of Colorado, the forum state. *United States v . Botefuhr,* 309 F.3d 1263, 1272 (10th Cir. 2002) (quotation omitted). "[T]he mere foreseeability of causing injury in another state" is insufficient to establish the required contacts. *Trierweiler v. Croxton & Trench Holding Corp* ., 90 F.3d 1523, 1534 (10th Cir. 1996) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985)).

Mr. Hill's amended complaint alleges that Mr. Hershberger and Ms. Hawk-Sawyer have overall responsibility for Bureau of Prisons' operations in Colorado and that Mr. Hershberger, with the consent of Ms. Hawk-Sawyer, had authority over assignment of prisoners to ADX. It also alleges Mr. Hill and his attorney have sent both Mr. Hershberger and Ms. Hawk-Sawyer administrative grievances and letters warning of the potential detrimental effects of ADX placement. This alleged conduct falls far short of the purposeful availment necessary to establish jurisdiction over defendants Hershberger and Hawk-Sawyer. It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state. The district court properly dismissed without prejudice all claims against these two defendants. [4]

---

[4] The district court's personal jurisdiction ruling relieved Ms. Hawk-Sawyer and Mr. Hershberger from potential liability to Mr. Hill in a Colorado forum. The

(continued...)

Next, the district court analyzed its subject matter jurisdiction and determined that Mr. Hill's claims for money damages against defendants in their official capacities were barred by the doctrine of sovereign immunity. As the court recognized, it is well established that federal employees sued in their official capacities are immune from a *Bivens* suit. *See, e.g., Hatten v. White,* 275 F.3d 1208, 1210 (10th Cir. 2002). Therefore, these claims were properly dismissed for lack of subject matter jurisdiction.

Mr. Hill also sought to evade the sovereign immunity bar by means of a claim under the APA, which generally waives sovereign immunity in agency review actions seeking equitable relief. *See United Tribe of Shawnee Indians v. United States*, 253 F.3d 543, 550 (10th Cir. 2001). His amended complaint alleges that, by originally assigning him to ADX and subsequently failing to change his assignment, defendants violated bureau of prisons' policy. Specifically, he charges that defendants ignored a program statement providing that ADX should be reserved for inmates who pose a serious threat to others and who are not currently diagnosed as suffering from serious psychiatric illnesses.

[4](...continued)
discussion of Mr. Hill's claims in the following text, therefore, is primarily addressed to the sufficiency of the case against remaining defendant Mr. Pugh. However, the analysis is equally applicable to the other two defendants.

-8-

Bureau of Prisons' program statements, however, are "internal agency guidelines" that are not "subject to the rigors of the [APA], including public notice and comment." *Jacks v. Crabtree*, 114 F.3d 983, 985 n.1 (9th Cir. 1997) (quotation omitted); *see Reno v. Koray*, 515 U.S. 50, 61 (1995) (describing a bureau of prisons program statement as an "internal agency guideline . . . akin to an 'interpretive rule' that 'do[es] not require notice and comment'") (quoting *Shalala v. Guernsey Mem'l Hosp*., 514 U.S. 87, 99 (1995)). "Whether or not" the Bureau of Prisons makes its program statements known, they "create entitlements (meaning something that may be enforced to prevent substantive transgressions) only if adopted in one of the ways the APA prescribes . . . ." *Miller v. Henman,* 804 F.2d 421, 426 (7th Cir. 1986). Because Mr. Hill does not allege that the program statement at issue was adopted under APA procedures, the district court properly dismissed the APA claim.

After resolving the above issues relating to jurisdiction and sovereign immunity, the district court turned to the question of whether the amended complaint stated a claim upon which relief can be granted. *See* Rule 12(b)(6). Mr. Hill's first substantive contention is that his placement and retention in ADX violate his due process rights.

We are unable to discern a possible due process violation arising from Mr. Hill's classification. Prisoners are not entitled to any "particular degree of

liberty." *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Further, a review of the facts alleged in the complaint shows that, notwithstanding Mr. Hill's rhetoric, his placement does not impose an "atypical, significant" hardship upon him in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

Additionally, this situation does not give rise to an equal-protection violation. Mr. Hill alleges that, as an inmate in the ADX general population, he is similarly situated to inmates placed in the ADX control unit for disciplinary reasons, but that he is not allowed a hearing comparable to the one afforded inmates in the control unit. *See* 28 C.F.R. § 541.43 (setting out hearing procedure for inmates recommended for placement in a control unit). Because the classification of prisoners based upon their situs of incarceration does not employ a suspect class or burden a fundamental right, it "is accorded a strong presumption of validity." *Heller v. Doe ex rel. Doe*, 509 U.S. 312, 319 (1993). The only proper judicial inquiry is whether the challenged classification bears a rational relationship to a legitimate penological concern. *See Shifrin v. Fields,* 39 F.3d 1112, 1114 (10th Cir. 1994).

As Mr. Hill has acknowledged, he was placed in ADX for his commission of bank fraud, wire fraud, and money laundering offenses while imprisoned in another facility on earlier charges. The amended complaint states that, in

-10-

sentencing Mr. Hill, the trial court recommended to the Bureau of Prisons that "the defendant be . . . held under the most restrictive environment possible, with limited access to visitors, telephones and other inmates." R., Vol. 1, Doc. 22 at ¶ 36. The trial court's statement provides a rational basis for the difference in hearing opportunities between Mr. Hill's prison classification and another inmate's disciplinary assignment to the ADX control unit.

Finally, we measure Mr. Hill's cruel and unusual punishment allegations against prison officials' Eighth Amendment duty to maintain "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A plaintiff claiming a violation of the Eighth Amendment must satisfy both an objective test (whether the conditions can be considered cruel and unusual) and a subjective test (whether the defendants acted with a culpable state of mind). *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991).

The objective component of the Eighth Amendment test requires allegations that an inmate was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "To the extent that [an inmate's] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* "Mere 'inactivity, lack of companionship and a low level of intellectual stimulation do

-11-

not constitute cruel and unusual punishment.'" *Caldwell v. Miller*, 790 F.2d 589, 600-01 n.16 (7th Cir. 1986) (quoting *Bono v. Saxbe*, 620 F.2d 609, 614 (7th Cir. 1980)).

We cannot conclude that Mr. Hill's Eighth Amendment allegations state a claim upon which relief may be granted. He contends that ADX conditions are cruel and unusual in that he is isolated in his cell twenty-three hours a day for five days a week and twenty-four hours the remaining two days. He asserts that the resulting sensory deprivation amounts to cruel and unusual punishment. He admits, however, that "his minimal physical requirements - food, shelter, clothing and warmth" have been met. R., Vol. 1, Doc. 22, at ¶ 17. The situation described in the amended complaint shows neither an "unquestioned and serious deprivation of basic human needs," *Rhodes*, 452 U.S. at 347, nor intolerable or shocking conditions, *id.* at 348.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Michael W. McConnell
Circuit Judge

-12-