**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACK RIGSBY, SR.,

    Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

No. 03-3207
(D. Kan.)
(D. Ct. No. 02-CV-3173-JTM)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jack Rigsby, Sr., a federal inmate appearing *pro se*, appeals the district court's dismissal of his complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2680(c).  Mr. Rigsby's complaint asserts a cause of action for lost property under 28 U.S.C. § 1346(b)(1) of the Federal Tort Claims Act.  We affirm the district court's dismissal for lack of subject matter jurisdiction.

In his complaint, Mr. Rigsby alleged federal prison officials caused the loss of his personal property when they packed, inventoried or placed it in a locker while he was in detention.  After reviewing the federal government's motion to dismiss and Mr. Rigsby's reply thereto, the district court issued an order granting the government's motion to dismiss.  In so doing, the district court concluded it lacked subject matter jurisdiction under 28 U.S.C. § 2680(c), which provides an exception to the waiver of sovereign immunity under the Federal Tort Claims Act.  Specifically, the district court determined the exception applied because Mr. Rigsby's claim:  1) arose from the detention of goods by prison employees, 2) who are law enforcement officers within the meaning of the exception.

Mr. Rigsby appeals the dismissal, claiming:  1) the district court's ruling is contrary to the congressional intent behind the Federal Tort Claims Act and

Supreme Court decisions; 2) the district court incorrectly ruled prison employees meet the definition of "law enforcement officers" within the meaning of the exception outlined in 28 U.S.C. § 2680(c); and 3) the law of this circuit and others is contrary to Federal Bureau of Prison policy and the Code of Federal Regulations.

A court may only exercise jurisdiction when specifically authorized to do so. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). We review *de novo* both a dismissal for lack of subject matter jurisdiction*, see U.S. West Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999), *cert. denied*, 528 U.S. 1106 (2000), and rulings on sovereign immunity and the applicability of an exception to the Federal Tort Claims Act, *see Steele v. Federal Bureau of Prisons*, ___ F.3d ___, ____, 2003 WL 23019855 at *8 (10th Cir. Dec. 29, 2003). The Federal Tort Claims Act, under 28 U.S.C. § 1346(b)(1), waives the federal government's immunity from certain tort claims. *See Elder v. United States*, 312 F.3d 1172, 1176 (10th Cir. 2002). An exception to this waiver of sovereign immunity exists under 28 U.S.C. § 2680(c) for any claim arising from the detention of any goods or merchandise by any "law enforcement officer." *See Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002). This court has clearly determined prison employees are "law enforcement officers" within the meaning of 28 U.S.C. § 2680(c). *See*

*Steele*, ___ F.3d at ___, 2003 WL 23019855 at *8; *Hatten*, 275 F.3d at 1210.

This determination comports with the broad interpretation given by other circuit courts to the term "law enforcement officer" within the meaning of § 2680. *See United States v. Bein*, 214 F.3d 408, 415 (3d Cir. 2000) (and cases cited therein), *cert. denied*, 534 U.S. 943 (2001).

With these standards in mind, we have reviewed the pleadings, Mr. Rigsby's brief on appeal, and the district court's decision, considering them in light of the applicable law. The district court issued a comprehensive and well-reasoned decision, which 1) clearly comports with the law in this circuit that prison employees meet the definition of law enforcement officers within the meaning of § 2680, and 2) correctly concludes it lacked subject matter jurisdiction under that statute, because no sovereign immunity was waived. *See Steele*, ___ F.3d at ___, 2003 WL 23019855 at *8; *Hatten*, 275 F.3d at 1210.

Despite Mr. Rigby's contentions otherwise, he fails to provide a persuasive argument the district court's ruling is somehow contrary to the congressional intent behind the Federal Tort Claims Act or a Supreme Court decision. Moreover, even if his argument was persuasive, this panel is required to follow circuit precedent, absent *en banc* reconsideration or a superseding contrary

-4-

decision by the Supreme Court. *See United States v. Hernandez-Rodriguez*, 352 F.3d 1325, 1333 (10th Cir. 2003). Neither condition for disregarding circuit precedent is presented here.

Finally, we reject Mr. Rigby's assertion the law of this circuit is contrary to Federal Bureau of Prison policy and the Code of Federal Regulations. In support, he points out that the Federal Bureau of Prisons told him to file a lawsuit in the district court if he was dissatisfied with the agency's decision denying his property claim, which he now asserts establishes his right to file a suit in federal district court. Because we have previously addressed and rejected the same argument on appeal, we decline to address it here. *See Steele*, ___F.3d at ___, 2003 WL 23019855 at *8.

For substantially the same reasons contained in the district court's May 22, 2003 Order, and for the reasons stated herein, we **AFFIRM** the district court's dismissal of Mr. Rigby's complaint for lack of subject matter jurisdiction. The mandate should issue forthwith.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-5-