**Anthony G. HUNT, Plaintiff–Appellant,**

v.

**The State of MICHIGAN, et al.,
Defendants–Appellees.**

**Nos. 03–1810, 03–2041, 03–2099.**

United States Court of Appeals,
Sixth Circuit.

March 17, 2004.

Anthony G. Hunt, pro se, New Haven, MI, for Plaintiff–Appellant.

Before KRUPANSKY and GILMAN, Circuit Judges; and RUSSELL, District Judge.*

### ORDER

Anthony G. Hunt, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Hunt also appeals the district court's subsequent orders denying his motion for reconsideration and motions for contempt. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory, injunctive, and monetary relief, Hunt filed a complaint against the State of Michigan, the Bellamy Creek Correctional Facility ("BCCF"), Correctional Officers Judy Brant and Robbin Bell, the Michigan Department of Cor-

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

rections ("MDOC"), Resident Unit Manager Gibson, BCCF Warden McGee, the Michigan Attorney General, and the Wayne County, Michigan, Sheriff's Office. Hunt alleged that on March 16, 2002, he ordered a chess set. When he did not promptly receive the chess set, Hunt investigated the matter and learned that the chess set arrived at BCCF in May 2002, but had not been delivered to him. Hunt filed a grievance regarding the chess set, which was denied at the Step I level. Following an October 14, 2002, hearing, a hearing officer determined that Hunt could have the chess set. On October 17, 2002, McGee responded to Hunt's Step II grievance, finding it resolved in light of the hearing officer's October 14, 2002, decision.

The chess set was released to Hunt on December 3, 2002. However, it was immediately confiscated by MDOC officials, who informed Hunt that the chess set would be sent "to the head office in Lansing" for a decision on whether Hunt could keep it. On December 18, 2002, Hunt was told that he could not have the chess set because the pieces had been hollowed out to a certain depth. Hunt was given the choice of either sending the chess set to an address outside of the prison or having MDOC officials consider it abandoned property subject to disposal.

The district court summarily dismissed Hunt's complaint for failure to state a claim upon which relief may be granted pursuant to the provisions of 28 U.S.C. §§ 1915A and 1915(e)(2). The district court subsequently denied Hunt's motion for reconsideration and his motions "for contempt's [sic] outside immediate presence of court or in the alternative motion to show cause." Hunt's appeal from the district court's order of dismissal has been docketed in this court as case number 03–1810. Hunt's appeal from the district court's order denying his motion for recon-

sideration has been docketed in this court as case number 03–2099. Hunt's appeal from the district court's order denying his motions for contempt has been docketed in this court as case number 03–2041. All three cases have been consolidated.

In case number 03–1810, Hunt appeals the district court's order dismissing his civil rights complaint for failure to state a claim upon which relief may be granted. We review de novo a district court's judgment dismissing a suit for failure to state a claim upon which relief may be granted under §§ 1915A(b) and 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

■ Upon review, we conclude that the district court properly dismissed the complaint for failure to state a claim for relief. First, Hunt failed to demonstrate that he was deprived of his chess set in violation of the Due Process Clause. *See Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir.2002); *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir.1991). Second, even if Hunt was deprived of his chess set, he failed to allege a procedural due process claim. *See Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir.1991). Hunt did not allege that he was deprived of property without notice and an opportunity to be heard, *see id.*, and he did not allege that the post-deprivation remedies provided by the State of Michigan were inadequate to redress his alleged injury. *See Hudson v. Palmer*, 468 U.S. 517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir.1995).

In case number 03–2099, Hunt appeals the district court's denial of his motion for reconsideration. Because Hunt did not

file his motion for reconsideration within ten days of the district court's order of dismissal, we construe the motion as a Fed.R.Civ.P. 60(b) motion for relief from judgment. *See Teal v. Eagle Fleet, Inc.,* 933 F.2d 341, 347 n. 3 (5th Cir.1991). We review the district court's denial of a Fed. R.Civ.P. 60(b) motion for an abuse of discretion. *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 385 (6th Cir.2001).

Upon review, we conclude that the district court properly denied Hunt's motion for reconsideration. Hunt's post-judgment motion for reconsideration did not allege the existence of any of the grounds for relief specified in Fed.R.Civ.P. 60(b)(1)-(6).

In case number 03–2041, Hunt challenges the district court's denial of his post-judgment motions for contempt. We review a district court's decision on a motion for contempt under the abuse of discretion standard. *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 378 (6th Cir.2003). "In order to hold a litigant in contempt, the movant must produce clear and convincing evidence that shows that 'he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* at 379 (quoting *NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 591 (6th Cir.1987)).

Upon review, we conclude that the district court properly denied Hunt's motions for contempt. Because Hunt sought a contempt citation against unidentified individuals, it would be difficult to hold them in contempt. Furthermore, since the district court had not issued any orders regarding the timely delivery of Hunt's mail, there was no order pursuant to which the unidentified individuals could be held in contempt. *See id.*

Accordingly, we affirm the district court's orders. Rule 34(j)(2)(C), Rules of the Sixth Circuit.