**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEVEN G. TRAPP,

     Plaintiff-Appellant,

v.

UNITED STATES MARSHALS
SERVICE; DAVID DILBERTI,
Deputy Marshal; TROY SCHUSTER,
Deputy Marshal; DARREN S.
WEBER, Deputy Marshal; JOHN
DOES (3), USMS Task Force Officers;
CRAIG BEAM, Deputy Marshal,

     Defendants-Appellees.

No. 04-3405
(District of Kansas)
(D.C. No. 03-CV-3335-JAR)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

     After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Steven G. Trapp filed a civil rights complaint against the United States Marshals Service ("USMS") and several individual agents of the USMS. In his complaint, Trapp alleged the defendants violated his Fourth and Fifth Amendment rights in the course of effectuating his arrest. The district court dismissed Trapp's complaint for lack of jurisdiction, concluding that because the USMS was a federal governmental entity and the individual defendants were sued in their official capacities the suit was barred by sovereign immunity. *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (holding that a suit against a federal employee in his official capacity is a suit against the United States and that such a suit is barred by the doctrine of sovereign immunity). The district court further concluded that Trapp could not proceed against the United States under the waiver of sovereign immunity set out in the Federal Tort Claims Act ("FTCA") because Trapp had not exhausted his administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that "the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). Finally, the district court refused to consider the questions of qualified immunity and quasi-judicial immunity, concluding that Trapp's complaint did not state a claim against the individual defendants in their

individual capacities.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291,[1] this court **affirms** in part and **reverses** in part.  The case is **remanded** to the district court for further proceedings consistent with this opinion.  Trapp's request to proceed *in forma pauperis* on appeal is **granted**.

This court reviews *de novo* both a district court's dismissal under Fed. R. Civ. P. 12(b)(1) and its determinations on sovereign immunity.  *Ordinance 59 Ass'n v. United States Dep't of Interior*, 163 F.3d 1150, 1152 (10th Cir. 1998).  Applying that standard, this court affirms the dismissal for lack of subject matter jurisdiction of Trapp's claims against the USMS and the individual defendants in their official capacity for those reasons set out by the district court.  Furthermore, because it was able to resolve the jurisdictional issues relating to Trapp's claims against the USMS and the individual defendants in their official capacities based solely on the facts set out in Trapp's pleadings, the district court did not err in dismissing those claims without holding an evidentiary hearing.  *Holt v. United*

---

[1]The defendants assert that this court lacks jurisdiction over this appeal because Trapp filed his notice of appeal one day late.  In contrast to the defendants' assertions, however, Trapp's notice of appeal was timely filed. Judgment was entered dismissing the case on August 11, 2004.  Trapp had sixty days to file his notice of appeal.  Fed. R. App. P. 4(a)(1)(B).  Sixty days after August 11, 2004, was Sunday, October 10, 2004.  The next day, Monday, October 11, 2004, was Columbus Day.  Accordingly, Trapp's notice of appeal was due on October 12, 2004.  Fed. R. App. P. 36(a)(3), (4).  Trapp's notice of appeal filed on October 12, 2004, was, therefore, timely.

*States*, 46 F.3d 1000, 1003 (10th Cir. 1995); *United States v. Gaines*, 964 F.2d 972, 977 (10th Cir. 1992).

The district court erred, however, in concluding that Trapp's complaint did not state a claim, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against the individual defendants in their individual capacities. We recognize that in his form complaint, Trapp checked the box indicating that he was suing each of the defendants in their official capacities. Nevertheless, the context of the complaint and accompanying documents indicate that Trapp was also raising claims against the individual defendants in their individual capacities. In his Application to Proceed In Forma Pauperis, filed at the same time as Trapp filed his complaint, Trapp indicated that he was proceeding pursuant to either 42 U.S.C. § 1983 or *Bivens*. Furthermore, in his prayer for relief, Trapp sought punitive damages. *See Shabazz v. Coughlin*, 852 F.2d 697, 700 (2d Cir. 1988) (holding that prayer for punitive damages shows suit is against officer in individual capacity); *Gregory v. Chehi*, 843 F.2d 111, 119-20 (3d Cir. 1988) (same). None of the individual defendants suffered any prejudice from Trapp's failure to specifically indicate in his complaint that he was bringing claims against them in their official capacities. In their motion to dismiss, the individual defendants specifically raised the defenses of qualified immunity and quasi-judicial immunity. *See Shockley v. Jones*, 823 F.2d 1068,

-4-

1071 (7th Cir. 1987) (holding that by raising a qualified immunity defense, the defendants demonstrated that they believed the suit was against them in their individual capacities). In addition, in his response to the defendants' motion to dismiss, Trapp specifically argued that sovereign immunity did not dispose of his claims because he was proceeding against the individual defendants pursuant to *Bivens*. Because Trapp's *pro se* complaint[2] set out claims against the individual defendants in their individual capacities, the district court erred in dismissing the entire suit for lack of subject matter on the ground of sovereign immunity. *Id.* at 1071-72.

The district court's dismissal of Trapp's claims against the USMS and the defendants in their official capacities for lack of jurisdiction is hereby **AFFIRMED**. Its dismissal of the entire complaint for lack of jurisdiction is **REVERSED** and the matter is **REMANDED** to the district court for further proceedings consistent with this opinion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[2]Because he was proceeding *pro se*, the district court was obligated to read Trapp's complaint liberally. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).