FILED
United States Court of Appeals
Tenth Circuit

June 30, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BRIAN L. BROWN,

       Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

       Defendant-Appellee.

No. 09-1495
(D.C. No. 1:07-CV-00717-PAB-KMT)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, Chief Judge, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Brian L. Brown appeals the district court's dismissal of his *pro se* claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), for lack of jurisdiction, and the court's denial of leave to amend his complaint to allege a claim under the Little Tucker Act, 28 U.S.C. § 1346(a). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Mr. Brown, a federal prisoner, brought two claims for lost property under the FTCA. In Claim 1, he alleged that Bureau of Prison (BOP) officers and FBI agents put his personal property in storage in December 2003, when he was placed in the prison's Special Housing Unit (SHU). He claimed that $171.90 worth of his property was not returned to him in January 2005, after he was transferred to another prison facility. In Claim 2, Mr. Brown alleged he was placed in the SHU again in June 2005. He claimed a BOP Lieutenant issued a key to his storage locker to another BOP officer and instructed that officer to retrieve his personal property from his previous cell. Mr. Brown alleges that, after opening his storage locker, the officer allowed other prisoners to rifle through and steal his property and then confiscated what was left. He claimed the value of the stolen property was $87.15.

The district court dismissed Mr. Brown's complaint for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), holding the FTCA's waiver of the United States' sovereign immunity does not apply to his detention-of-property claims under 28 U.S.C. § 2680(c). The district court also denied Mr. Brown's motion for leave to amend Claim 1 under Fed. R. Civ. P. 15(a) to allege a breach-of-contract claim under the Little Tucker Act. The court held that the amendment would be futile because Mr. Brown's proposed amended complaint would be subject to dismissal.

Now on appeal, Mr. Brown concedes that Claim 1 is barred by § 2680(c), but he contends the district court erred in dismissing Claim 2 because the BOP officer never handled or detained his allegedly stolen property. And Mr. Brown contends that the district court erred in denying his motion for leave to amend Claim 1 because he sufficiently alleged a bailment agreement with the United States.

II

We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction under Rule 12(b)(1). *See Black Hills Aviation, Inc. v. United States*, 34 F.3d 968, 972 (10th Cir. 1994). We review the denial of a motion to amend under Rule 15(a) for an abuse of discretion. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). "[W]hen denial is based on a determination that amendment would be futile," however, "our review for abuse of discretion includes *de novo* review of the legal basis for the finding of futility." *Miller v. Bd. of Educ.*, 565 F.3d 1232, 1249 (10th Cir. 2009). We accept as true the allegations in Mr. Brown's complaint and in his proposed amended complaint. *See Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005) (court accepts well-pleaded allegations of complaint as true in ruling on Rule 12(b)(1) motion challenging facial sufficiency of complaint); *cf. Suiters*, 499 F.3d at 1232, 1238 (court accepts well-pleaded allegations of complaint as true in determining whether complaint

subject to dismissal; court may deny amendment under Rule 15(a) if amended complaint would be subject to dismissal).  And we construe Mr. Brown's *pro se* pleadings liberally, holding them "to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But we do not "assume the role of advocate" for Mr. Brown.  *Id.*

A

Mr. Brown brought Claims 1 and 2 under the FTCA.  That statute waives the sovereign immunity of the United States with respect to claims for:

> loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  But the FTCA's broad waiver of immunity is subject to exceptions, including § 2680(c), which exempts from the coverage of the statute "[a]ny claim arising in respect of . . . the detention of any . . . property by any . . . law enforcement officer."  Section 2680(c) extends to any claim "arising out of" a detention of property, including "a claim resulting from negligent handling or storage of detained property."  *Kosak v. United States*, 465 U.S. 848, 854 (1984) (quotation omitted).  And § 2680(c) applies to claims arising out of a detention of property by *any* law enforcement officer, including BOP officers. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008).  Consistent with

this, we have held that § 2680(c) bars a prisoner's claim to recover for lost personal items that were detained by officers when he was placed in the SHU. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1206, 1213 (10th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (holding § 2680(c) applies when prisoner alleges officers detained property and mailed it outside prison).

So, too, we must hold that Mr. Brown's claims are barred by § 2680(c). Seeking to avoid this result, Mr. Brown argues that the BOP officer never actually "handled" the property that was stolen. Thus, he contends Claim 2 does not arise out of a detention of property and is not covered by § 2680(c)'s exception to the FTCA's waiver of sovereign immunity. We disagree. Mr. Brown's singular focus on the officer's failure to touch his property before allowing other prisoners access to it improperly equates "handle" with "detain." Mr. Brown alleged that a BOP officer tasked with detaining his property used a key to open his storage locker. At that point the BOP officer was exercising a measure of dominion over Mr. Brown's property such that it was within the officer's custody. Mr. Brown alleged the officer then wrongfully permitted other inmates to rifle through the locker and steal some of his property. His allegations fall squarely within the scope of a claim for wrongful detention of property under § 2680(c). *See Kosak*, 465 U.S. at 854; *Steele*, 355 F.3d at 1213; *see also* 4 Oxford English Dictionary 545 (2d ed. 1989) (defining "detention" broadly, as "[k]eeping in custody or

-5-

confinement," not as limited to physical handling or restraint). Accordingly, the government has not waived its sovereign immunity with respect to Mr. Brown's second claim and the district court did not err in dismissing it for lack of jurisdiction.

B

Mr. Brown attempted to avoid dismissal of Claim 1 by seeking leave to amend his complaint to allege a breach of contract claim under the Little Tucker Act. The Little Tucker Act provides that:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . .

28 U.S.C. § 1346(a)(2).[1] "[T]he act itself does not provide any substantive rights enforceable against the United States in a suit for damages; it merely confers jurisdiction whenever such a substantive right falling within the categories

---

[1] Under the Tucker Act, 28 U.S.C. § 1491, the Court of Federal Claims has concurrent jurisdiction with the federal district courts over the categories of claims against the United States described in § 1346(a)(2). But "the Court of Federal Claims has exclusive jurisdiction over such claims exceeding $10,000." *Union Pac. R.R. Co. v. U.S. Army Corp. of Eng'rs*, 591 F.3d 1311, 1314 (10th Cir. 2010). Consequently, we refer to § 1346(a) as the Little Tucker Act. *See Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1081 & n.6 (10th Cir. 2006).

enumerated in the [Little] Tucker Act otherwise exists." *Whiskers v. United States*, 600 F.2d 1332, 1334-35 (10th Cir. 1979).

Mr. Brown asserts that his proposed amended complaint alleged a bailment contract between himself and the United States, which the government breached when it failed to transfer all of his personal property to his new prison facility in 2005. "A bailment relationship is said to arise where an owner, while retaining title, delivers personalty to another for some particular purpose upon an express or implied contract. The relationship includes a return of the goods to the owner or a subsequent disposition in accordance with his instructions." *Lionberger v. United States*, 371 F.2d 831, 840 (Ct. Cl. 1967).

As the district court recognized, a bailment contract with the United States "must meet the traditional elements of a Government contract."[2] *Telenor Satellite Servs., Inc. v. United States*, 71 Fed. Cl. 114, 119 (2006). Specifically, "[t]he party alleging a contract [with the United States] must show a mutual intent to contract including an offer, an acceptance, and consideration." *Trauma Serv. Group. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). Additionally, a plaintiff "must show that the officer whose conduct is relied upon had actual

---

[2]     The government cites Kansas and Colorado law regarding whether Mr. Brown sufficiently alleged a contract with the United States, but the district court correctly applied federal contract law. *See Union Pac. R.R. Co.*, 591 F.3d at 1315 ("[T]he court applies federal contract law rather than state law to determine the government's [contract] liability.").

-7-

authority to bind the government in contract." *H. Landau & Co. v. United States*, 886 F.2d 322, 324 (Fed. Cir. 1989) (quotation omitted). Thus, in order to succeed on his bailment contract claim, Mr. Brown would be required to "prove that an authorized Government official made a promise, representation, or statement that [his] personal property would be returned as directed." *Telenor Satellite Servs., Inc.*, 71 Fed. Cl. at 119; *see also Alde, S.A. v. United States*, 28 Fed. Cl. 26, 31 (1993) ("[T]he court must find that an offer to guarantee the safety of the seized property was extended by the Customs Service and that plaintiff accepted this offer freely.").

A district court may deny a motion seeking leave to amend as futile if the plaintiff fails to allege an essential element of the proposed cause of action. *See Hertz v. Luzenac Group*, 576 F.3d 1103, 1117-18 (10th Cir. 2009). This court has previously explained that "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson*, 499 F.3d at 1238 (quotations omitted). And a complaint that fails to state "a plausible claim for relief" will not survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *see also Husband v. United States*, 90 Fed. Cl. 29, 33, 37 (2009) (applying *Iqbal* standard and holding complaint failed to state sufficient facts to establish valid bailment).

Here, Mr. Brown failed to allege adequate facts to establish his bailment contract claim. In his proposed amended complaint, Mr. Brown asserted the same

facts in support of Claim 1 as in his previous complaint, adding only that "Property forms were signed indicating property would be mailed to the next institution, and returned from storage, and it never was. Causing a Tucker Claim, Bailment Violation, failing to return property." R., Vol. 2 at 294. Although it alone would have been insufficient to avoid dismissal of his claim, Mr. Brown did not even include in his proposed amended complaint a "[t]hreadbare recital[] of the elements of [his] cause of action." *Iqbal*, 129 S. Ct. at 1949. As the district court observed, the only factual averment in Mr. Brown's proposed amended complaint that even remotely alluded to a contractual duty, as opposed to a legal duty, is his allegation that:

> Defendant O. Donnel, the R&D property officer, knowing that Plaintiff was a Colorado resident, claimed that all property would be sent as the form[] that claims property is there will have to be signed as received. (Attachment No. p. 20) property was to be mailed, to Colorado resident, Plaintiff.

R., Vol. 2 at 295.

Nowhere did Mr. Brown allege any further facts indicating that Officer Donnel had actual authority, express or implied, to bind the United States in contract. *See Telenor Satellite Servs.*, 71 Fed. Cl. at 120. He cited no provision of law expressly and unambiguously granting Officer Donnel such authority. *See id.* ("A Government employee has express authority to bind the Government in contract only when the Constitution, a regulation, or a statute grants such authority in an unambiguous manner." (quotation omitted)). Neither did he allege

-9-

any facts supporting a plausible claim that Officer Donnel had implied actual authority to bind the United States to pay damages for the loss of his property, or that such contracting authority was necessary for Officer Donnel to perform his duties. *See id.* at 120 ("Even where express authority is lacking, a court may find that an employee has implied authority to bind the Government in contract when such authority is considered to be an integral part of the duties assigned to the government employee." (quotation and brackets omitted)).

Thus, because Mr. Brown's proposed Little Tucker Act claim would be subject to dismissal for failure to allege a contract entered into by a government official with actual contracting authority, the district court did not abuse its discretion by denying leave to amend on the basis of futility.

\* \* \*

The judgment of the district court is affirmed. Mr. Brown's motion to proceed IFP is granted, and we remind him of his obligation to continue making partial payments until his appellate filing fee is paid in full.

Entered for the Court

Neil M. Gorsuch
Circuit Judge