**UNITED STATES COURT OF APPEALS**
**Filed 7/9/96**
**TENTH CIRCUIT**

GEORGETTE J. LATTIMORE,

      Plaintiff-Appellant,

v.

RKK ENTERPRISES INC.;
INDEPENDENT HALFWAY HOUSE;
FEDERAL BUREAU OF PRISONS, U.S.
Department of Justice, North Central
Regional Office,

      Defendants-Appellees.

No. 95-1333
(D.C. No. 95-S-501)
(Dist. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff Georgette J. Lattimore, acting pro se and in forma pauperis, brought this complaint against RKK Enterprises, Inc., Independence House, the Federal Bureau of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

Prisons, and the U. S. Department of Justice. Ms. Lattimore alleges that when she was a resident at the Independence House, a halfway house in Denver, Colorado, she was harassed by staff members, other residents, and a federal officer. She alleges that Independence House is owned by RKK Enterprises, Inc., and that it is a federally-funded halfway house program. The district court dismissed her complaint as legally frivolous under 28 U.S.C. § 1915(d).

In her complaint, Ms. Lattimore alleged that she complained to Phil Gilliland, an Independence House staff member, that a male resident at the house was intoxicated and sexually harassed her. She then reported further inappropriate behavior of residents and staff members to Mike Fuhriman, director of Independence House, and Gail Wilson, a Bureau of Prisons staff member. She claimed that firearms, drugs, papers, and cellular phones were being used at the house; she alleged that staff members accepted gifts from residents in exchange for special privileges; and, she alleged that Mr. Gilliland, while on duty, had himself photographed "in questionable physical positions" with two female residents who wore "lingerie (black teddies) and black mini skirts on the corners of Filmore and Colfax, Denver, Colorado," R., Vol. I, No. 3 (Complaint, ¶ 1). She claims Mr. Fuhriman and Ms. Wilson failed to act on her complaints, and that Mr. Fuhriman and Patricia Wiemers, an Independence House staff member, took retaliatory acts in the form of erroneous incident reports against her after she reported the misconduct at the house. She also alleged that Ace Fuji, a federal community corrections manager for the Eastern District of California, participated in the retaliatory acts against her.

-2-

Finally, after Ms. Lattimore reported the misconduct to Walter Hamlett, a pretrial services officer, and the office of Congresswoman Patricia Schroeder, she was removed from the halfway house. Three Independence House staff members, including Mr. Fuhriman, were allegedly terminated after an investigation. In her complaint, Ms. Lattimore sought money damages and an injunction seeking to close Independence House.

The district court ruled that Ms. Lattimore failed to raise a federal constitutional issue or to factually state a claim, that she failed to allege personal involvement of the Defendants in constitutional violations, and that the claims against the Department of Justice and the Bureau of Prisons are barred by the doctrine of sovereign immunity. The court also denied Ms. Lattimore's request for the appointment of counsel as moot.

We must liberally construe Ms. Lattimore's complaint because she is representing herself. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Although Ms. Lattimore did not cite Bivens[1] or the U. S. Constitution in her complaint, her failure to cite proper legal authority does not require dismissal if we can reasonably read her pleadings to state a valid claim. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[W]henever a plaintiff states an arguable claim for relief, dismissal for

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). In Bivens, the Supreme Court recognized that damages may be obtained for constitutional injuries by federal officials. Id. at 395-97. The district court characterized Plaintiff's action as a 42 U.S.C. § 1983 civil rights action. Plaintiff, however, neither cited to § 1983 nor makes allegations of a state actor acting under the color of state law. Plaintiff's action is more accurately characterized as a Bivens action because her complaint concerns only federal actors acting under the color of federal law.

frivolousness under § 1915(d) is improper, even if the legal basis underlying the claim ultimately proves incorrect." McKinney v. State of Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991).

Ms. Lattimore alleged that retaliatory action was taken against her by federal actors after she exercised her free speech rights by reporting the misconduct of residents and staff members of the Independence House. These allegations state a cause of action under Bivens for a First Amendment violation. See Frazier v. Dubois, 922 F.2d 560, 561-62 (10th Cir. 1990) (holding that under Bivens prison officials may not punish an inmate for exercising his First Amendment rights by transferring him to another institution). The alleged retaliatory actions in this case--the writing of erroneous incident reports against Plaintiff--are similar to those in Frazier because they resulted in the Plaintiff's removal from the halfway house. Thus the district court was incorrect in holding that Ms. Lattimore failed to set out a constitutional claim.

The district court was correct, however, in ruling that Ms. Lattimore cannot sue the United States through the Federal Bureau of Prisons absent a showing that the United States has consented to being sued. United States v. Testan, 424 U.S. 392, 399 (1976); see also FDIC v. Meyer, 114 S. Ct. 996, 1005-06 (1994) (holding that a Bivens action cannot be implied directly against federal agencies). Ms. Lattimore made no showing that the United States has waived its sovereign immunity by consenting to being sued. Moreover, while Ms. Lattimore did sufficiently allege conduct by federal

actors, she did not name those actors as defendants.[2]  Further, we agree with the district court that she failed to allege that the remaining named defendants, RKK Enterprises and Independence House, participated in the challenged conduct.[3]  Accordingly, we **AFFIRM** the dismissal.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge

---

[2]  "This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation omitted).

[3]  We express no opinion on whether a Bivens claim could be maintained against these defendants if the requisite personal participation had been alleged. See DeVargas v. Mason & Hanger-Silas Mason Co., Inc., 844 F.2d 714, 720 n.5 (10th Cir. 1988) (noting circuit split on whether private party federal actors may be liable under Bivens but not deciding the issue), cert. denied, 498 U.S. 1074 (1991).