**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VICTOR STEELE,

Plaintiff-Appellant,

v.

FEDERAL BUREAU OF PRISONS,
WARDEN HOLT; PA GARCIA;
WARDEN GUNJA, and unknown
Federal Bureau of Prisons hospital
staff personnel,

Defendants-Appellees.

No. 03-1368

District of Colorado

(D.C. No. 02-B-1894 (MJW))

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **MURPHY** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The Court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Victor Steele is appealing the District Court of Colorado's order dismissing his complaint, which was brought pursuant to 28 U.S.C. §§ 1331 and 1343 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Steele alleges abuse, deliberate withholding of medical treatment, and retaliation by prison staff. He further alleges that the BOP's administrative procedure for processing inmate grievances is unconstitutional. Though the district court did not specify whether Steele's claim was dismissed with or without prejudice, we assume that the dismissal was without prejudice. After a considered review of the record and proceedings below, we affirm that decision.

The Plaintiff filed his Second Amended Complaint in December 2002, naming as defendants the Federal Bureau of Prisons, Warden Holt, Dr. Baron, P.A. Garcia, Dr. Patel, Warden Gunja, and unknown BOP and Hospital Staff. In May 2003, defendants BOP, Holt, Garcia, and Gunja filed a motion to dismiss. The district court transferred the matter to United States Magistrate Judge Michael J. Watanabe.

Magistrate Judge Watanabe recommended that all claims against the BOP and all claims against BOP and hospital employees in their "official capacities" should be dismissed. Citing *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002), and *Lattimore v. RKK Enterprises Inc.*, No. 95-1333 1996 WL 381730 at

*2 (10th Cir. 1996), he found that *Bivens* actions may not be filed against federal agencies or federal agents acting in their official capacities. That determination is consistent with the holding of this Court in *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003). Therefore, pursuant to Fed. R. Civ. P. 12(b)(1), Judge Watanabe recommended the dismissal of Plaintiff's official capacity claims. He further recommended that the district court dismiss the claim against Dr. Patel, on the ground that Dr. Patel lacked the minimum contacts with the State of Colorado necessary to establish personal jurisdiction.

The Magistrate Judge also recommended that the defendants' motion to dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(6) because Steele failed to exhaust his administrative remedies as required under 42 U.S.C § 1997e(a). He similarly advised that the claims against Baron and the Unknown BOP and Hospital Staff be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In July 2003, after a de novo review, the district court adopted the magistrate judge's recommendations and dismissed the case. Steele timely filed a notice of appeal.[1] In this appeal, Steele challenges the district court's ruling in part, arguing that the court erred in dismissing his case for failure to exhaust.

---

[1]The district court denied Steele's motion for reconsideration on July 21, 2003, and the appeal is deemed filed as of August 18, 2003, which is the date on the certificate of service attached to the notice of appeal. *See United States v. Ceballos-Martinez*, 358 F.3d 732 (10th Cir. 2004).

Nowhere does Steele contend that the court's dismissal of claims against the BOP, Patel, Baron, or unknown staff was erroneous or improper. Any such challenge is therefore waived. We turn now to his appeal.

The Prison Litigation Reform Act (PLRA) of 1996 posits that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C § 1997e(a). The BOP maintains a four-step procedure for processing inmate grievances. The inmate must first attempt to resolve his complaint informally with his prison counselor. 28 C.F.R § 542.13. If unable to reach an informal resolution, the inmate may then direct his complaint to the Warden through a written administrative remedy request. 28 C.F.R §§ 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the Regional Director. 28 C.F.R. § 542.15(a). Finally, the inmate may appeal to the Office of the General Counsel in Washington D.C. 28 C.F.R. § 542.15. Annexed to each stage of the process are time limits and procedural instructions to which inmates are required to adhere.

In *Ross v. County of Bernalillo*, No. 02-2337, 2004 WL 902322 (10th Cir. Apr. 28, 2004) (published), following the Eighth Circuit's lead in *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000), this Court held that unless all available

remedies are exhausted for all of the claims in a *Bivens* action, the action must be dismissed. Therefore, in accordance with this total exhaustion requirement, Steele must demonstrate that all prison grievance complaints covered by his action have been administratively exhausted. The inclusion of any unexhausted claims is sufficient grounds for the dismissal of the entire action under the total exhaustion requirement.

Steele claims only to have exhausted the available administrative remedies in two administrative cases, Nos. 241658 and 242809, relating to his firing from his prison job, his assignment to a Special Housing Unit, alleged inappropriate conduct of a staff psychologist, and the intentional misdiagnosis and withholding of medical treatment by a prison doctor. Several other alleged abuses enumerated in Steele's original claim, such as the denial of a method of transfer that would not cause him unnecessary pain and suffering, were never pursued administratively. Therefore, the extent to which Steele's transfer schedule conflicted with administrative time deadlines and restricted the availability of administrative recourse in Case No. 241703, involving his firing from his prison job, need not be considered.

As a factual matter, Steele failed to exhaust even in the two cases in which he claims to have pursued all administrative remedies. In both cases, he failed to follow instructions and added new grievances to his complaints as they made their

way through the administrative process.  No one distinct grievance ever progressed from the initial informal resolution to the final appeal to the Office of the General Counsel.  As a matter of both fact and law, then, the district court found correctly that Steele failed to state a claim upon which relief can be granted because he has not exhausted his available administrative remedies.

Steele maintains that by filing a claim for monetary damages under the Federal Tort Claims Act, he satisfied the exhaustion requirement of his *Bivens* claim.  He is correct to observe that BOP regulations in force at the time state that "Requests or Appeals will not be accepted under the Administrative Remedy Program for claims for which other administrative procedures have been established, including tort claims."  28 C.F.R § 542.16(b) (deleted Aug. 6, 2002).  Regulations required BOP staff to instruct the prisoner that exclusively monetary claims are to be pursued under the FTCA.  Program Statement § 1330.13, R. doc. 67, Ex. BB.  But the relevant program statement clarified that "when corrective action as well as monetary relief is requested or implicated, inmates may use this Program.  The response to such Requests or Appeals shall address the potential non-monetary relief."  *Id.*  Steele's complaint sought monetary damages, an apology from BOP staff, and permanent hospitalization.  In accordance with this provision, the Administrative Remedy Program was the appropriate vehicle through which Steele ought to have pursued his claims for non-monetary relief.

Furthermore, filing an FTCA claim would not exempt Steele from the PLRA exhaustion requirement even absent the provision requiring joint monetary and non-monetary claims to be pursued through the Administrative Remedy Program. The Supreme Court has held that Congress did not intend to allow inmates to avoid exhaustion merely by tailoring their requests for relief to preclude the availability of certain administrative remedies. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). The language of the PLRA's exhaustion requirement applies to all available procedural remedies, not merely particular species of redress. *Id.* at 738-39. Whether Steele filed a claim for monetary, non-monetary, or both forms of relief, the Administrative Remedy Program is still considered available and must be exhausted in compliance with the PLRA.

We further find that the district court acted properly in dismissing this claim without an evidentiary hearing or jury trial. Steele's contention that exhaustion is an affirmative defense was rejected by this court in *Steele*. *Id.* at 1209. The burden to present facts establishing exhaustion must be carried by Steele. *Id* at 1210. Nowhere in the record does Steele allege facts sufficient to meet that burden. We therefore concur with the district court's determination that Steele has failed to demonstrate exhaustion and thus to state a claim under *Bivens*.

Finally, Steele challenges the constitutionality of the BOP's Administrative Remedy Program. We find that Steele has failed to preserve throughout the

various stages of proceedings any coherent constitutional challenge. Rather, he amends, replaces, and substitutes various allegations that purportedly amount to constitutional infirmities in the process. As each is rejected by the magistrate judge or the district court, he alters his charge as the case progresses. Even in this appeal, the constitutional claims offered in the original Appellant's Brief bear little resemblance to the arguments offered in the Appellant's Reply Brief. Rather than respond to the Appellees' cogent analysis of his constitutional claims in the Answer Brief, Steele shifts gears, substituting new claims and arguments for those previously presented. Only the general rubric of a constitutional challenge remains constant.

We therefore hold that Plaintiff has preserved no challenge to the constitutionality of the PLRA's exhaustion requirement or the BOP's Administrative Remedy Program. As he has failed to exhaust all available administrative remedies as required by the PLRA, the district court appropriately dismissed his case as failing to state a *Bivens* claim.

The judgment of the United States District Court for the District of Colorado is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge