**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CAROLYN S. BAIR; HILTON HEAD
ISLAND REALTY, INCORPORATED,
              *Plaintiffs-Appellants,*

v.

UNITED STATES OF AMERICA; DARRELL
E. WATKINS,

              *Defendants-Appellees.*

No. 01-2279

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-01-391-2-18)

Submitted: May 23, 2002

Decided: June 4, 2002

Before WIDENER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Robert E. Austin, Jr., AUSTIN & PEPPERMAN, Leesburg, Florida;
Mark W. McKnight, Charleston, South Carolina, for Appellants. J.
Strom Thurmond, Jr., United States Attorney, Joseph P. Griffith, Jr.,
Assistant United States Attorney, Charleston, South Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Carolyn Bair and Hilton Head Island Realty, Inc., appeal the district court's orders dismissing and denying reconsideration of their complaint filed against the United States and Darrell Watkins alleging violations of the Federal Tort Claims Act (FTCA), 28 U.S.C.A. § 1346 (West 1994 & Supp. 2001), and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Appellees moved to dismiss under Fed. R. Civ. P. 12(b)(6), asserting the claims were barred by the applicable statutes of limitations. Because the parties submitted affidavits outside the pleadings, the district court apparently considered the motion as a motion for summary judgment under Fed. R. Civ. P. 56.

A district court's decision to convert a motion to dismiss to a motion for summary judgment is reviewed for abuse of discretion. *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998). When a party has notice that a motion to dismiss will be treated as a motion for summary judgment based on the consideration of matters outside the pleadings, the district court is not formally required to notify the party that the motion to dismiss will be treated as a motion for summary judgment. *Laughlin v. Metropolitan Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). Because Appellants had sufficient notice that the motion to dismiss would be treated as a motion for summary judgment, the district court did not err by converting the motion to a motion for summary judgment under Rule 56. Furthermore, Appellants made no showing under Rule 56(f) that additional discovery was necessary in order to respond to the motion.

We have reviewed the district court's order dismissing Appellants' claims based on the applicable statutes of limitations. We conclude the district court properly determined Appellants' claims were barred. Accordingly, we affirm on the reasoning of the district court. *See Bair*

*v. United States*, No. CA-01-391-2-18 (D.S.C. July 10 & Sept. 5, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*