**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHERIAN GANSERT,

      Plaintiff-Appellee,

v.

COLORADO STUDENT LOAN
PROGRAM, State of Colorado,
Department of Higher Education;
COLORADO DEPARTMENT OF
HIGHER EDUCATION,

      Defendants,

  and

JEANNE M. ADKINS, in her
individual and official capacity,

      Defendant-Appellant.

No. 04-1368
(D.C. No. 03-F-1327 (PAC))
(D. Colo.)

**ORDER AND JUDGMENT**  *

Before **SEYMOUR** , **BRISCOE** , and **McCONNELL** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Sherian Gansert brought a civil action against Jeanne M. Adkins in both her official and individual capacity pursuant to 42 U.S.C. § 1983 and the Colorado Whistleblower Act, Colo. Rev. Stat. §§ 24-50.5-101 *et seq*. Ms. Adkins filed a motion for summary judgment raising the affirmative defense of qualified immunity regarding Ms. Gansert's § 1983 claims and a motion to stay all proceedings pending determination of her qualified immunity defense. The district court denied Ms. Adkins' motion to stay proceedings. It has not ruled on the merits of the qualified immunity issue. This appeal followed. We dismiss due to lack of jurisdiction. Ms. Adkins separately filed a motion to stay the district court proceedings pending this appeal. Given our lack of jurisdiction over the appeal, we deny the motion to stay as moot.

The federal courts of appeals have jurisdiction over appeals from all final decisions of district courts, except where direct review is available in the Supreme Court. 28 U.S.C. § 1291; *United States v. Storey*, 2 F.3d 1037, 1040 (10th Cir. 1993). According to the collateral order doctrine, a district court's order may qualify as a "final decision" under § 1291 absent an entry of final judgment in limited circumstances. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949); *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (noting that the collateral order doctrine "is best understood not as an

exception to the final decision rule laid down by Congress in § 1291, but as a practical construction of it" (quotations omitted)).

Ms. Adkins correctly argues that an order postponing until trial a decision on a motion to dismiss or for summary judgment based on qualified immunity from suit falls within the collateral order doctrine and is, therefore, appealable. *Workman v. Jordan*, 958 F.2d 332 (10th Cir. 1992). We have also held that we have appellate jurisdiction where a district court decides a motion to dismiss without specifically addressing qualified immunity defenses. *Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1380 (10th Cir. 1998). These cases, however, are inapposite here. Ms. Adkins does not contend that the district court is refusing to decide her motion for summary judgment. Instead, she requests that we review the denial of a motion to stay further proceedings pending the district court's decision on her summary judgment motion.[2] It is well settled that a denial of a motion to stay proceedings which does no more than postpone the resolution of an action is not an appealable collateral order. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988).

---

[2] In this connection, we note that the summary judgment motion did not become at issue until September 10, 2004, when Ms. Adkins' reply brief was filed, and the trial is not scheduled to begin until March 28, 2005.

For the foregoing reasons, we **DISMISS** for want of jurisdiction.

ENTERED FOR THE COURT
PER CURIAM