**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT HARRIS,

        Plaintiff - Appellee,

    v.

JOE MORALES, in his official
capacity and as an individual; SCOTT
TEETSEL, in his official capacity and
as an individual,

        Defendants,

    and

MONTE GORE, in his official
capacity and as an individual,

        Defendant - Appellant.

No. 05-1225

(D. Colorado)

(D.C. No. 98-K-2501)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Robert Harris was an inmate at the jail of Summit County, Colorado, in 1998. He brought a civil-rights action seeking compensatory and punitive damages from officials at the jail and from Summit County. Among his claims was that Captain Monte Gore violated his Eighth Amendment right to be free from cruel and unusual punishment. He contends that his right eye was injured by pepper foam during his incarceration and that Captain Gore acted with deliberate indifference in denying him needed medical care. Captain Gore moved for summary judgment. The district court denied the motion as to the inadequate-medical-care claim but did not fully address Captain Gore's qualified-immunity argument. Captain Gore appeals the denial of qualified immunity. Mr. Harris argues that the denial was proper and that we lack jurisdiction over the appeal. We conclude that we have jurisdiction and remand the case to the district court to address in full the issue of qualified immunity.

I.    BACKGROUND

For purposes of this appeal Captain Gore does not dispute the following account of what occurred: While Mr. Harris was a prisoner in the Summit County jail in June 1998, he had a confrontation with Deputy Scott Teetsel, who sprayed him with pepper foam. Mr. Harris was taken to a shower to wash out his eyes. The warm water of the shower failed to reduce the burning sensation, so Deputy Teetsel removed him from the shower and sprayed a counterreactant in his eyes. Captain Gore, Deputy Teetsel's supervisor, was not present during these events.

Mr. Harris sent several messages to Captain Gore complaining about Deputy Teetsel's handling of the matter and, in at least one message, requesting medical attention. Mr. Harris and Captain Gore met one week after the incident, and then a few days later the two met with Sheriff Joe Morales. In the second meeting (and perhaps in the first) Mr. Harris said that he was experiencing blurred vision and had discoloration of his right eyelid and a spot in his right eye. He said that he needed medical attention, but he received no response to his request.

The spot in Mr. Harris's right eye is a scar in the form of a black dot on his eyeball. The scar and the discoloration of his right eyelid both appear to be permanent. The nature of his blurry vision is less clear. In his deposition he said that for two weeks following the pepper-foam incident, he could not watch television because "the light was affecting my eye," Aplt. App. at 170, and that even now, when he watches television for a period of time, his "eye will . . . start to water[]," *id.* at 163.

Mr. Harris filed suit in the United States District Court for the District of Colorado against Summit County, Sheriff Morales, Captain Gore, and Deputy Teetsel under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. The defendants filed motions for summary judgment on all claims. Most of the claims—the claims under §§ 1981, 1985, and 1986, and race-discrimination claims under § 1983—were then dismissed without prejudice by stipulation of the parties; and

the district court granted summary judgment on the remaining claims except for the Eighth Amendment claim against Deputy Teetsel for using excessive force and the Eighth Amendment claims against Captain Gore and Deputy Teetsel for failure to provide medical treatment. This appeal concerns only the denial of Captain Gore's motion on the inadequate-medical-care claim.

## II.   DISCUSSION

When a defendant invokes the defense of qualified immunity, "we require a plaintiff to satisfy a heavy two-part burden to avoid summary judgment: (1) that the defendant's actions violated a constitutional or statutory right and (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1150 (10th Cir. 2006) (internal quotation marks omitted). The constitutional right at issue in this case is the Eighth Amendment prohibition against cruel and unusual punishment. To establish an Eighth Amendment claim based on inadequate medical care, the prisoner must prove "both an objective component and a subjective component." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (internal quotation marks omitted). The objective component is that "the alleged harm . . . [was] sufficiently serious." *Id.* at 753. The subjective component is that the prison official had a "culpable state of mind"—namely, deliberate indifference to the prisoner's serious medical needs. *Id.* at 751. The prisoner must also prove that

the acts performed with the culpable state of mind caused the serious harm. *See id.* at 751, 753.

In his qualified-immunity argument in district court, Captain Gore raised, albeit sparsely, a challenge to the subjective component of Mr. Harris's claim (on appeal he makes no argument on this issue), and the contention that Mr. Harris's alleged constitutional right had not been clearly established. He omitted any mention of the causation element in his opening brief below, but his reply brief claimed that Mr. Harris had not shown that his injuries were caused by Captain Gore's actions. *See Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (district court may not rely on new materials or new arguments in a summary-judgment movant's reply brief unless it permits the nonmovant to respond).

Captain Gore's most extensive argument in district court concerned the objective component of Mr. Harris's claim. He argued that the eye injuries simply were not sufficiently serious. He cited four cases, only one of which involved an alleged eye injury—*Clemmons v. Bohannon*, 956 F.2d 1523, 1526 (10th Cir. 1992) (en banc), in which we held that a prisoner's exposure to secondhand tobacco smoke did not constitute a serious medical need because he had alleged only throat, eye, and nose irritation, *see id.* at 1526–27 (prisoner had "alleged *no* adverse physical symptoms from cigarette smoke different from those suffered by everyone in society"), and the potential for more serious carcinogenic

effects in the future, *see id*. at 1527. *But see Helling v. McKinney*, 509 U.S. 25,

30 (1993) (allowing prisoner's secondhand-smoke claim to proceed).[1]

The district court denied summary judgment to Captain Gore on

Mr. Harris's inadequate-medical-care claim. But it addressed only whether

Mr. Harris had produced evidence of a constitutional violation. The court

concluded that "for purposes of summary judgment . . . Gore should have

recognized the need for medical attention in Plaintiff's case" and that the

evidence supported a "finding that [Gore] had enough information to infer

Plaintiff was at substantial risk of injury and disregarded it . . . ." Aplt. App. at

219 (Order on Mot. for Summ. J., April 6, 2005). The court did not address

---

[1]We note that other courts have occasionally addressed Eighth Amendment claims for eye injuries. *See Koehl v. Dalsheim*, 85 F.3d 86, 87–88 (2d Cir. 1996) (prisoner requiring "specially prescribed, tinted eye-glasses" to prevent double vision and loss of depth perception asserted a sufficiently serious medical need when removal of his glasses led to loss of sight in one eye and shifting of that eye into the corner of his socket); *Mitchell v. Maynard*, 80 F.3d 1433, 1443 (10th Cir. 1996) (removal of prescription eyeglasses from a prisoner "could constitute a violation of his right to be free of cruel and unusual punishment[]"); *Kersh v. Derozier*, 851 F.2d 1509, 1510, 1513 (5th Cir. 1988) (evidence sufficient for a jury finding of deliberate indifference to serious medical needs when piece of hay in eye caused redness, tearing, bleeding, and eventual loss of sight); *Freeman v. Lockhart*, 503 F.2d 1016, 1017 (8th Cir. 1974) (prisoner with tuberculosis that had settled in his eyes and that eventually led to permanent impairment of his vision alleged a sufficient injury for claim of failure to provide medical treatment; optometrist had recommended surgery to address the "hazard to his vision" caused by the disease); *cf. United States v. Woodlee*, 136 F.3d 1399, 1409 (10th Cir. 1998) (impairment of vision is a "serious bodily injury" under the United States Sentencing Guidelines); *United States v. Talamante*, 981 F.2d 1153, 1158 (10th Cir. 1992) (loss of eye that had some residual vision is a "serious bodily injury" under the United States Sentencing Guidelines).

whether the constitutional right at issue was clearly established at the time of the incident.

On appeal Captain Gore contends that Mr. Harris's claimed injury is not sufficiently serious and that Mr. Harris has not established that his injury was caused by the delay in receiving medical care. He further argues that the alleged Eighth Amendment right at issue was not clearly established at the time of the pepper-foam incident.

Before we can address the merits of Captain Gore's appeal, we must address our jurisdiction, which Mr. Harris challenges. "Although appellate courts typically do not have jurisdiction to review denials of summary judgment motions, we have jurisdiction to hear interlocutory appeals where . . . the defendant raises a qualified immunity defense and the issue appealed concerns whether or not certain given facts showed a violation of clearly established law." *Serna*, 455 F.3d at 1150 (internal quotation marks, brackets, and ellipsis omitted). As the Supreme Court has stated, an interlocutory appeal of the denial of qualified immunity may be appropriate because qualified immunity entitles the defendant to avoid the burdens of litigation. *See Behrens v. Pelletier*, 516 U.S. 299, 306 (1996). An interlocutory appeal may even be appropriate despite the district court's failure to rule on a qualified-immunity motion. *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1380 (10th Cir. 1998) (Otherwise, "if we deny appellate review, a defendant loses the right not to stand trial.").

But interlocutory appeals of orders denying qualified immunity are limited to those that raise solely an issue of law. The appeal must relate only to "resolv[ing] a dispute concerning an abstract issue of law relating to qualified immunity," *Behrens*, 516 U.S. at 313 (internal quotation marks and brackets omitted), not a "determination[] of evidentiary sufficiency," *id.* Nonetheless, despite the presence of disputed factual issues, an interlocutory order may still be appealable if the defendant seeking qualified immunity claims on appeal that even accepting the plaintiff's allegations as true, he is still entitled to qualified immunity. *See id.*; *Johnson v. Martin*, 195 F.3d 1208, 1214 (10th Cir. 1999) ("[I]f a defendant's appeal of the denial of a motion for summary judgment is based on the argument that, even under the plaintiff's version of the facts, the defendant did not violate clearly established law, then the district court's summary judgment ruling is immediately appealable.").

Mr. Harris contends that the conditions for an interlocutory appeal have not been satisfied in this case. We disagree. We recognize that the district-court order denying summary judgment to Captain Gore appeared to address only evidentiary sufficiency. On appeal, however, Captain Gore does not dispute Mr. Harris's account of what happened. Accordingly, the only issue on appeal is whether Captain Gore is entitled to qualified immunity on Mr. Harris's version of events. *See Behrens*, 516 U.S. at 313.

Furthermore, as we have stated, it is not dispositive that the district-court order did not explicitly address Captain Gore's qualified-immunity argument. To hold otherwise would be to deny Captain Gore the precise entitlement—namely, the right not to be burdened by litigation—afforded by qualified immunity. *See Lowe*, 143 F.3d at 1380. Mr. Harris tries to distinguish *Lowe* on the ground that it involved a denial of qualified immunity on a motion to dismiss, not a motion for summary judgment, and that the factual issues involved in a summary-judgment motion are considerably more complex. But qualified immunity can undoubtedly be raised in a motion for summary judgment as well as in a motion to dismiss, *see Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004) (qualified-immunity defense is typically raised in a summary-judgment motion), and a defendant should not be deprived of the protection of this doctrine simply because a district court fails to rule on the merits. In any event, there is no great complexity arising from consideration of factual issues in this case because Captain Gore does not dispute the facts on appeal.

That we have jurisdiction, however, does not mean that we must, or should, resolve the merits of the appeal. The district court did not fully consider qualified immunity; it did not address whether the applicable constitutional right was "clearly established" at the time of Captain Gore's actions. "As a general rule an appellate court does not consider an issue not passed upon below." *Lowe*, 143 F.3d at 1381. The situation here is like that in *Lowe*, in which we elected to

remand the issue of qualified immunity to the district court because it had failed to address it in the first instance. *See id.*; *see also Workman v. Jordan*, 958 F.2d 332, 337 (10th Cir. 1992) (when district court postponed decision on defendants' motion to dismiss based on qualified immunity, appellate court remanded to district court to decide the motion).

We therefore remand to the district court for further consideration on the issue of qualified immunity. On remand the court should address qualified immunity before proceeding further on the Eighth Amendment claim against Captain Gore. The court may consider any new arguments or evidence on the qualified-immunity issue so long as the opposing party is given an opportunity to respond.

## IV.  CONCLUSION

We DENY Mr. Harris's motion to dismiss the appeal for lack of jurisdiction. We REMAND for the district court to determine whether qualified immunity protects Captain Gore from Eighth Amendment liability.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-10-