FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

PAT DOBSON; DONNIE DOBSON,

     Plaintiffs-Appellants,

v.

CATHEENA DELL ANDERSON,
an individual; SHARON ARNOLD,
an individual; ANDREA BAKER;
IVY BATTLES, an individual;
SHIRLEY BARR, an individual;
CATHY D. BOSWELL, an individual;
CHRISTY D. BOSWELL; LACEY R.
BOSWELL; RUDY BRIGGS,
an individual; KIMBERLY A.
BURNS; JOHNNY L. CANNON;
SHERI L. CARTER, an individual;
BEN CHAPMAN; STEVEN EUGENE
CHARLES, an individual; ROBERT
WAYNE COOPER, an individual;
JEROME M. DAY, JR.; ANNA
DENMAN, an individual; JUDITH L.
ELLIOTT, an individual; AMOS
FARR, an individual; JERRY FIELDS,
an individual; DEBRA D.
FERGUSON, an individual; JANET
M. FIELDING, an individual;
GLENDA F. FREENY; EVA R. GAY,
an individual; DONNETTA L. GIBBS,
an individual; RICHARD GRAY,
an individual; DON GREEN,
an individual; MARILYN L. GREER,
an individual; CATHY GUYER,
an individual; JEFFREY S.
HALFACRE, an individual; LONNIE
W. HALL, an individual; RHEA L.

No. 08-7018
(D.C. No. 6:06-CV-479-WFD)
(E.D. Okla.)

HANOVER, an individual; JESSICA HARDCASTLE, an individual; THOMAS RAY HARDCASTLE, an individual; JIM L. HARGROVE, an individual; JERRY W. HEFNER, an individual; KIMBERLY A. HODGES; KIM HOLLAND, an individual; DONNA HOPE, an individual; TERRY HORNBUCKLE, an individual; GARY HUGGINS, an individual; W. GRANT HUSKEY; ERA JACKS; ERIC JOHNSON; SUSAN D. JOHNSON; CHERRY L. KEETON; DONNA KERNS; DOUGLAS ALAN KIRKLEY; KARL F. KRAMER; DONNIE KRUMSIEK; ELLA LANCASTER; SHIRLEY A. LANE; MEGAN B. LINDSEY; JOHN MAHONEY; JULIA A. MCLAUGHLIN; MELODY G. MEALER; DAVID MEDLIN; ROSEMARY L. MORRISON; FORREST DAVID NELSON; MICHAEL SHANE NORTH; ALICHIA ELIZABETH OLSON; FLOYD WESLEY OWENS; DERRICK PALMER; JEFF PAYTON; JANE L. PENNINGTON; JENNIFER D. PERRY; TONY PONDS; MARSHA L. PRESSON; MICHAEL RIDGEWAY; DALE C. RINEHART; COY A. ROWE; LARRY RUTHERFORD; DALORA SCHAFER; TEINA D. SCROGGS; BRUCE SEWELL; DARRYL SHEPHERD; MISTY DAWN SHRODE; RONALD J. SKEEN; DON SMALLING; SMITH BAIL BONDS; CHARLES E. SMITH; SHERRY STANDERFER; RANDY L.

STEED; MICHAEL J. STICKELMEYER; FRANK STONE; JAMES EDWIN STOUT; TOM E. VINCENT; KIMBERLY A. WEESE; FLOY SUE WELLS; DEBRA LYNN WHEELER; CHERYL D. WHITE; NIKKI D. WILEY; ANGELA K. WILSON; CARRIE B. WILSON; WOODS BAIL BONDS; JACKIE WOODS; JAMES W. WOODS; RONALD A. WHITE, District Judge; CHRISTY BAKER; TOM BALES; JAMES BARWICK; KATHY BASS; JULIE BAYS; SCOTT BOUGHTON; SETH BRANHAM; DON BROWN; DOROTHY BROWN; NEAL BRYAN; KELLY HUNTER BURCH; ROBIN J. CAUTHRON; CLAUDIA CONNER; H. DALE COOK; JOHN CRITTENDEN; JENNIFER DICKSON; KAREN DIXON; JOHN DOE, sued as 10 John Does engaged in W.A. Edmonson's rackets, for racketeering including trafficking in counterfeit securities; PRESTON DRAPER; CLAIRE V. EAGAN; W.A. EDMONDSON; TRICIA L. EVEREST; STEPHEN P. FRIOT; GREGORY K. FRIZZELL; THOMAS W. GRUBER; GLENN D. HAMMONDS; TREVOR HAMMONS; MARIANNE SMITH HARDCASTLE; GRETCHEN HARRIS; KEELEY L. HARRIS; KARL HAWKINS; JOE HEATON; WILLIAM R. HOLMES; WILLIAM L. HUMES; TOMMY HUMPHRIES; STEPHANIE JACKSON; WALTER JENNY; WAYNE JOHNSON; KINDY JONES; TERENCE C. KERN; DAVID KINNEY; EDWARD CLYDE KIRK;

STEPHEN KRISE; SUSAN KRUG; MARTHA KULMACZ; NEAL LEADER; TIM LEONARD; RICHARD MANN; ANGELA MARTIN; ALLISON MAYNARD; KEVIN MCCLURE; JOEL-LYN A. MCCORMICK; JOHN MCCORMICK; GREGORY T. METCALFE; VICKI MILES-LAGRANGE, District Judge; JENNIFER B. MILLER; GRANT MOAK; LISA MOLINSKY; SUSAN K. NOLAND; BILL O'BRIEN; RICHARD D. OLDERBAK; MARC S. PATE; JAMES H. PAYNE; THEODORE PEEPER; ELLEN PHILLIPS; JANIS W. PRESLAR; CHARLIE PRICE; SANDRA D. RINEHART; MARY ANN ROBERTS; HEATH ROBINSON; CHARLES S. ROGERS; LYNN C. ROGERS; DAVID L. RUSSELL; ELIZABETH RYAN; JAY SCHNIEDERJAN; DEBRA SCHWARTZ; ELIZABETH SCOTT; FRANK H. SEAY; DON SELF; ROBERT SINGLETARY; DIANE L. SLAYTON; LINDA K. SOPER; SUSAN C. STALLINGS; PHILLIP L. STAMBECK; JOANN STEVENSON; JENNIFER STRICKLAND; RALPH G. THOMPSON; SHERRY A. TODD; THOMAS L. TUCKER; GAY ABSTON TUDOR; WHITNEY WEINGARTNER; DAN WEITMAN; LEE R. WEST; JAN F. WHEELER; ROBERT WHITAKER; BRINDA WHITE; KIMBERLY WHITE,

Defendants-Appellees.

-4-

ORDER AND JUDGMENT[*]

Before **O'BRIEN**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

Pat Dobson and Donnie Dobson (the Dobsons or plaintiffs) appeal the district court's dismissal of their action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The Dobsons filed a complaint against nearly 100 defendants, purporting to allege a cause of action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c). Plaintiffs' claims relate to the alleged monopolization of the bail-bond business in Wagoner County, Oklahoma. Shortly after filing their complaint, plaintiffs moved for summary judgment, supporting their motion with exhibits and affidavits. Judge Ronald A. White issued an order holding that the conclusory allegations in their complaint failed to include facts sufficient to support a RICO claim. He therefore gave them a

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

deadline to submit a RICO case statement in the format specified in his order. He also denied their summary-judgment motion as prematurely filed because twenty days had not elapsed following service on defendants. Plaintiffs responded by amending their complaint to add Judge White as a defendant. Two weeks later, without obtaining leave of court, they filed a second amended complaint adding nearly 100 more defendants, including additional federal- and state-court judges. On that same day they also filed a second summary-judgment motion and a 200-page RICO case statement.

Numerous defendants filed motions to dismiss under Rule 12(b)(6). Some of the motions also argued that plaintiffs' claims were subject to dismissal under Rule 12(b)(1) because certain defendants were immune from suit. The Dobsons did not respond to the substantive arguments in defendants' motions. Instead, they objected in some instances on "hearsay" grounds. They argued alternatively that, because defendants' motions tendered matters for consideration outside of the pleadings, they should be evaluated according to the summary-judgment standard. They then referred the court generally to the affidavits supporting their summary-judgment motions, which they asserted were uncontroverted by defendants' motions.

The district court granted the motions and dismissed the action, holding that plaintiffs' complaints and their RICO case statement failed to state a claim for which relief can be granted. The court construed the complaints as attempting

to raise RICO claims based on fraud and concluded that they did not allege those claims with particularity, as required by Fed. R. Civ. P. 9(b). The court declined to allow the Dobsons another opportunity to amend their complaint, noting their failure to heed Judge White's previous specific instructions, and their doubling of the number of named defendants without providing further clarity in their allegations. The court concluded that

> Plaintiffs filed a lengthy, vague, RICO Case Statement containing conclusory allegations attacking their perceived antagonists in the bail bond industry. The Court believes that providing Plaintiffs with another opportunity to amend their defective pleadings will not result in clarity. Rather, providing Plaintiffs with additional opportunity to amend their defective pleadings will undoubtably allow them to ensnare a larger number of individuals in their baseless RICO claim. Meritless pleadings will not serve as a vehicle to intimidate and harass government officials.

R., Doc. 312 at 7-8. The court further held that dismissal of the claims against some defendants was also appropriate based upon absolute immunity. Finally, the court imposed sanctions on the Dobsons, precluding them from making additional filings related to the same subject matter.

"We review *de novo* a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). In doing so, we accept as true all well-pleaded allegations of the complaint and construe them in the light most favorable to plaintiffs. *See id.* We "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1215

-7-

n.2. Because the Dobsons proceed pro se, we liberally construe their pleadings. *See Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

On appeal plaintiffs repeat the arguments they made in opposition to defendants' motions to dismiss.[1] First, they contend that dismissal was improper because none of the defendants rebutted the evidence that plaintiffs filed in support of their summary-judgment motions. This contention misconstrues the court's function on a Rule 12(b)(6) motion, which "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff[s'] *complaint alone* is legally sufficient to state a claim for which relief may be granted." *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (emphasis added). Thus, when considering a Rule 12(b)(6) motion, a court can only consider the facts alleged in the complaint. *County of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002). The Dobsons put the proverbial cart before the horse by pointing to evidence purportedly supporting allegations in their complaint, when the inquiry raised by defendants' motions is whether those allegations by themselves are sufficient as a matter of law.

---

[1]    The Dobsons did not address in the district court defendants' substantive arguments raising plaintiffs' failure to state a claim and asserting some defendants' immunity from suit. Nor have they challenged on appeal the district court's construction of their RICO claims, its holding that they failed to allege facts with particularly in support of their fraud claims, its holding regarding immunity, or its imposition of sanctions. As such, we deem those issues waived. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (holding omission of issue in opening brief generally forfeits appellate consideration).

Plaintiffs also appear to contend that the district court erred in not converting defendants' motions to dismiss into summary-judgment motions. They assert that under the summary-judgment standard the action should not have been dismissed. It is true "that when a district court relies on material from outside the pleadings, the court converts the motion to dismiss into a motion for summary judgment." *Price*, 420 F.3d at 1167. But when parties submit materials outside of the pleadings in support of or in opposition to a Rule 12(b)(6) motion, a court has broad discretion whether to accept and consider them. *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998).

Plaintiffs do not identify any reference in the district court's order indicating that it relied on materials outside of the pleadings. *See Alexander v. Okla.*, 382 F.3d 1206, 1214 (10th Cir. 2004) (holding 12(b)(6) order not converted to summary-judgment order unless district court relied on outside materials in rendering decision). Further, the district court stated explicitly that its decision on defendants' Rule 12(b)(6) motions was based upon the Dobsons' complaints and RICO case statement. *See Price*, 420 F.3d at 1167 (noting district court expressly stated it considered the complaint, motions, and responses). Nor did the district court's reliance on the statements of defense counsel in their briefs convert the motions to dismiss into summary-judgment motions. *See County of Santa Fe*, 311 F.3d at 1035 ("[A] district court may review mere argument contained in a [brief] without converting the Rule 12(b)(6) motion into a motion

for summary judgment." (quotation omitted)).  Thus, plaintiffs' contention that the district court considered materials outside of the pleadings when ruling on defendants' motions to dismiss is without merit, and we conclude that the court did not abuse its discretion in failing to convert the motions into motions for summary judgment.  *See Lowe*, 143 F.3d at 1381.

The judgment of the district court is AFFIRMED.  Plaintiffs' pending motions are DENIED as frivolous.

Entered for the Court


Michael W. McConnell
Circuit Judge