FILED
United States Court of Appeals
Tenth Circuit

August 17, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARK B. FERGUSON,

      Plaintiff - Appellee,

v.

BRIAN WEBSTER, P.A., in his
individual capacity as Physician
Assistant; BEV DOWIS, in her
individual capacity as Health Services
Administrator,

      Defendants - Appellants.

No. 11-1493
(D.C. No. 1:09-CV-02916-WJM-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **SEYMOUR**, and **TYMKOVICH**, Circuit Judges.[**]

---

Defendants-Appellants Brian Webster and Bev Dowis seek to appeal from

the district court's order denying summary judgment. They contend that the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] This matter was set originally on the court's September 2012 oral
argument calendar. Upon examination of the briefs and the appellate record,
however, this three-judge panel has determined unanimously that oral argument
would not be of material assistance in the determination of the appeal. See Fed.
R. App. P. 34(a); 10th Cir. R. 34.1(G). Consequently, the oral argument set for
September 20, 2012 is vacated and counsel are excused from attendance. The
cause is ordered submitted without oral argument.

district court failed to address qualified immunity, and that they are entitled to it. Though the parties dispute our jurisdiction to hear this appeal, we conclude that we have jurisdiction, and we reverse and remand for further proceedings.

Background

Plaintiff-Appellee Mark Ferguson, while an inmate at Sterling Correctional Facility (SCF) in Colorado, was diagnosed with MS. In the months leading up to his diagnosis, Mr. Ferguson alleges that he was denied access to qualified medical professionals and his pleas were ignored by one physician's assistant in particular. He filed suit under 42 U.S.C. § 1983, alleging deliberate medical indifference against the physician's assistant (Mr. Webster) and failure to train or supervise against SCF's Health Services Administrator (Ms. Dowis). Those defendants sought summary judgment and qualified immunity; the district court ruled that disputed issues of material fact precluded summary judgment, but it did not address qualified immunity. See Ferguson v. Webster, No. 09-cv-02916, 2011 WL 4433848 (D. Colo. Sept. 22, 2011).

Discussion

In appeals from denials of qualified immunity, "we take, as given, the facts that the district court assumed when it denied summary judgment." Morris v. Noe, 672 F.3d 1185, 1189 (10th Cir. 2012) (internal quotation marks omitted).

This court may review whether those facts are sufficient to establish a violation of a clearly established constitutional right, but this court may not evaluate the district court's conclusion that the facts as alleged by the plaintiff have sufficient evidentiary support to warrant a trial. Id. This court has jurisdiction only so long as a defendant claims that, viewing the facts as alleged by the plaintiff, he or she was entitled to qualified immunity. Id.

"That we have jurisdiction, however, does not mean that we must, or should, resolve the merits of the appeal." Harris v. Morales, 231 F. App'x 773, 777 (10th Cir. 2007) (unpublished). Specifically, this court has declined to exercise jurisdiction where a district court failed to address qualified immunity, instead opting to remand to the district court to address qualified immunity in the first instance. See, e.g., Lowe v. Town of Fairland, Okla., 143 F.3d 1378, 1381 (10th Cir. 1998); Workman v. Jordan, 958 F.2d 332, 336-37 (10th Cir. 1992); Harris, 231 Fed. App'x at 777. But see Laidley v. McClain, 914 F.2d 1386, 1394-95 (10th Cir. 1990) (superseded by rule and overruled on other grounds).

Here, the district court implicitly found disputed historical facts that might establish a constitutional violation, but it never said so, and it certainly never addressed whether such a violation involves a clearly established right. See Johnson v. Jones, 515 U.S. 304, 318 (1995). Mindful that we generally do not consider issues not passed upon below, Lowe, 143 F.3d at 1381, we remand to the district court to address qualified immunity in the first instance.

- 3 -

REVERSED and REMANDED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge