**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**February 5, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

GLYNN R. SIMMONS,

    Plaintiff - Appellee,

v.

CLAUDE L. SHOBERT, former detective,

    Defendant - Appellant,

and

CITY OF OKLAHOMA CITY,

    Defendant.

_____

GLYNN R. SIMMONS,

    Plaintiff - Appellee,

v.

CITY OF OKLAHOMA CITY,

    Defendant - Appellant,

and

CLAUDE L. SHOBERT, former detective,

    Defendant.

_____

No. 25-6046
(D.C. No. 5:24-CV-00097-J)
(W.D. Okla.)

No. 25-6051
(D.C. No. 5:24-CV-00097-J)
(W.D. Okla.)

_____

# ORDER AND JUDGMENT[*]

_____

Before **TYMKOVICH**, **EID**, and **CARSON**, Circuit Judges.

_____

Claude Shobert appeals from the district court's denial of his motion for summary judgment. He argues the district court did not consider his assertion of qualified immunity and that he is entitled to the defense. The plaintiff, Glynn Simmons, counters that the district court implicitly denied qualified immunity on factual grounds which we lack jurisdiction to review. Shobert's co-defendant, Oklahoma City, also appeals on the ground that its liability depends on the qualified immunity question of whether Shobert violated Simmons's constitutional rights.

We have jurisdiction to address legal issues underpinning the denial of Shobert's qualified immunity defense. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Because the district court did not conduct a sufficient qualified immunity analysis, we **VACATE** and **REMAND** for the court to fully consider the defense in the first instance. Since the City's liability depends on a finding that Shobert violated Simmons's rights, the City's case is intertwined with Shobert's. To ensure Simmons's case against the City does not go forward prematurely, we assert pendent jurisdiction and **VACATE** and **REMAND** it as well.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

An Oklahoma jury convicted Glynn Simmons of first-degree murder in 1975. Simmons fought his conviction for decades without success.  But in 2023, an Oklahoma district court vacated Simmons's conviction and declared him actually innocent.  Simmons then sued former Oklahoma City police detective Claude Shobert and Oklahoma City under 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1]  Simmons claims Shobert infringed his Fourteenth Amendment due process right to a fair trial by suppressing exculpatory evidence, fabricating inculpatory evidence that was used against him at trial, and using improperly suggestive identification techniques.  Simmons also argues Shobert deprived him of liberty without probable cause in violation of the Fourth Amendment and that Shobert and another detective conspired to deprive him of his constitutional rights.  Finally, Simmons claims Oklahoma City is subject to municipal liability under the *Monell* doctrine for Shobert's violations of his rights.

Shobert moved for summary judgment based on qualified immunity.  The district court denied the motion in a four-page order without addressing Shobert's qualified immunity defense.  The court denied Oklahoma City's motion for summary judgment in a nearly identical order.  The crux of both orders was the district court's determination that it could not conduct a summary judgment analysis because all the

---

[1] Simmons also sued the City of Edmond, Oklahoma and the estate of former Edmond Police Department detective Anthony Garrett.  Edmond and Garrett's estate settled with Simmons and are no longer parties to the suit.  App. 2421 & n.7.

relevant facts were disputed.  The court explained that the nearly fifty-year lapse since the relevant events caused significant evidentiary challenges.  Many of the key witnesses are now dead or claim no specific memory of the events and important physical evidence is either missing or of questionable authenticity.  App. 2422–23, 2426–27.  As a result, the court found "[t]here are simply no undisputed facts, other than the basic facts of [the] case" and held it could not conduct "the requisite summary judgment analysis."  App. 2423, 2427.  In denying the motions, the court explained it would be "up to a jury" to decide the facts and determine "who is entitled to judgment in their favor."  App. 2423, 2427.

Shobert now appeals the district court's denial of his qualified immunity defense.  The City also appeals the denial of its summary judgment motion and asks us to exercise pendent jurisdiction over its case.

## II.    Discussion

### A.    Shobert's Qualified Immunity Defense

Shobert's motion for summary judgment was based on his assertion of qualified immunity.  Though the district court's order does not mention qualified immunity, the issue was squarely presented, and the denial of summary judgment tacitly denied the defense.  *Cox v. Glanz*, 800 F.3d 1231, 1243 (10th Cir. 2015).  The order is therefore immediately appealable to the extent it turns on "abstract legal conclusions."  *Est. of Valverde by & through Padilla v. Dodge*, 967 F.3d 1049, 1058 (10th Cir. 2020) (quoting *Fogarty v. Gallegos*, 523 F.3d 1147, 1153 (10th Cir. 2008)).  "We take, as given, the facts that the district court assumed when it denied

summary judgment." *Morris v. Noe*, 672 F.3d 1185, 1189 (10th Cir. 2012) (citation modified). So our jurisdiction is limited to reviewing "(1) whether the facts that the district court ruled a reasonable jury could find would suffice to show a legal violation, and (2) whether the law was clearly established at the time of the alleged violation." *Est. of Valverde by & through Padilla*, 967 F.3d at 1058 (quoting *Roosevelt-Hennix v. Prickett*, 717 F.3d 751, 753 (10th Cir. 2013)). When, as here, the district court does not say which "particular charged conduct it deemed adequately supported," we may review the record de novo to determine "what facts the district court, in the light most favorable to the nonmoving party, likely assumed." *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996).

"That we have jurisdiction, however, does not mean that we must, or should, resolve the merits of the appeal." *Harris v. Morales*, 231 F. App'x 773, 777 (10th Cir. 2007). In the past, we "h[ave] declined to exercise jurisdiction where a district court failed to address qualified immunity, instead opting to remand to the district court to address qualified immunity in the first instance." *Ferguson v. Brian Webster, P.A.*, 493 F. App'x 982, 983 (10th Cir. 2012) (citing *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998)). That practice recognizes the general rule that an appellate court does not consider issues not passed upon below. *Lowe*, 143 F.3d at 1381 (citing *Workman v. Jordan*, 958 F.2d 332, 337 (10th Cir. 1992)). Indeed, we routinely remand appeals even when the district court makes significant factual findings but does not address the clearly-established-law prong of

5

qualified immunity. *E.g.*, *Rife v. Okla. Dep't of Pub. Safety*, 854 F.3d 637, 649 (10th Cir. 2017); *Ellis v. Salt Lake City Corp.*, 147 F.4th 1206, 1229–30 (10th Cir. 2025).

Considering these principles, we believe the prudent course here is to remand for the district court to address Shobert's qualified immunity defense. *Cf. Lowe*, 143 F.3d at 1381. This "bears the advantage of allowing the adversarial process to work through the problem and culminate in a considered district court opinion, a decision that will minimize the risk of an improvident governing appellate decision from this court." *Kerns v. Bader*, 663 F.3d 1173, 1182 (10th Cir. 2011) (Gorsuch, J.).

We are mindful of the evidentiary difficulties the district court faces in conducting this analysis. Still, the normal summary judgment standard applies. The court should identify which facts are material to Shobert's qualified immunity defense on each claim and explain their materiality. *See Forbes v. Twp. of Lower Merion*, 313 F.3d 144, 146, 148 (3d Cir. 2002) (Alito, J.). Any material fact that is genuinely disputed must be resolved in Simmons's favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). The court can then decide whether the facts a jury could reasonably find can sustain a determination that Shobert impinged Simmons's clearly established constitutional rights. Explicit statements of which facts are material, the grounds for any disputes, and the district court's judgments on evidentiary sufficiency will allow us to "carry out our review function without exceeding the limits of our jurisdiction" in the event of a post-remand appeal. *Forbes*, 313 F.3d at 146.

We also emphasize that Shobert's assertion of qualified immunity places the burden on Simmons to prove both that Shobert violated his rights and that the rights were clearly established at the time of the conduct. *Hunt v. Montano*, 39 F.4th 1270, 1284 (10th Cir. 2022). As a result, Shobert cannot waive the clearly-established-law issue on any individual claim by not arguing it in his summary judgment motion. *Id.* Deciding otherwise would erroneously shift Simmons's burden onto Shobert. *Id.*

### B.    Oklahoma City's Motion for Summary Judgment

Alongside his claims against Shobert, Simmons sued Oklahoma City for Shobert's alleged constitutional violations based on the *Monell* theory of municipal liability. Since municipalities cannot claim qualified immunity, we typically lack jurisdiction over their appeals from denials of summary judgment. *Moore v. City of Wynnewood*, 57 F.3d 924, 929 (10th Cir. 1995) (citing *Owen v. City of Indep.*, 445 U.S. 622, 638 (1980)). But here we have reason to exercise pendent jurisdiction over the City's appeal. *See id.*

Our court may exercise pendent jurisdiction "where the 'pendent appellate claim can be regarded as inextricably intertwined with a properly reviewable claim on collateral appeal.'" *Heard v. Dulayev*, 29 F.4th 1195, 1207 (10th Cir. 2022) (quoting *Moore*, 57 F.3d at 930). Claims are inextricably intertwined when "resolution of the collateral appeal necessarily resolves the pendent claim as well." *Id.*

The City's liability turns on whether Shobert violated Simmons's constitutional rights. The district court's denial of Shobert's qualified immunity

defense implies that the court determined there were sufficient facts to establish a constitutional violation on each of his claims. *Cf. Ferguson*, 493 F. App'x at 983. But by vacating the order in Shobert's case, we have reopened the question for the district court to consider and explain. If, on remand, the court determines Simmons cannot prove Shobert violated his rights as to a claim, the City would be entitled to summary judgment in its favor on municipal liability. *Cf. Moore*, 57 F.3d at 930–31 ("[O]ur holding that Defendants did not violate Moore's First Amendment rights settles Moore's federal claim against the City . . . ."). On the other hand, the City cannot get summary judgment if the district court decides, regarding the alleged underlying violation, that Shobert is either (1) not entitled to qualified immunity, or (2) is entitled to qualified immunity solely because the law was not clearly established. *See Heard*, 29 F.4th at 1207.

Since the district court might decide on remand of Shobert's case that his actions did not constitute a constitutional violation on one or more of Simmons's claims, we vacate and remand the City's case as well. Aware of the limits on our jurisdiction, we express no view on Simmons's *Monell* claim beyond our observations about the relationship between Shobert's qualified immunity defense and the City's municipal liability. We vacate and remand only to the extent necessary for the district court to consider Shobert's defense and assess its impact, if any, on Simmons's claim against the City.

## III.  Conclusion

For the foregoing reasons, we vacate the district court's orders denying summary judgment and remand for additional proceedings.

Entered for the Court


Per Curiam